## No. 6151.

### MARIA L. BORRON AND HUSBAND VS. J. F. SOLLIBELLOS.

In February, 1874, this court dissolved the injunction, with damages, which plaintiff had taken to stop the sale of the undivided half of a plantation and movables and crop thereon in the parish of Rapides, belonging to plaintiff, and which had been seized by defendant under a judgment against plaintiff in injunction.

In September, 1874, plaintiff sued out this second injunction to arrest the sale on several grounds mentioned in her petition. The evident object of this second injunction is to obtain the recognition of the right of a homestead. As plaintiff did not have this right when the seizure was made and when the first injunction was sued out, she can not be allowed to claim it now. Besides, the thing seized and about to be sold is an incorporeal, the undivided half of a certain property, and to this the right of homestead does not attach.

To the notice of seizure plaintiff appended a written waiver dispensing with the necessity of advertisement. This waiver was sufficient, notwithstanding the attorney, about the time the second injunction was sued out, attempted to withdraw the waiver.

The objection that defendants are attempting to sell without causing the property to be divided into lots of from ten to fifty acres is unfounded. As the thing seized is an incorporeal (the undivided half of a plantation, movables and products), it can not be divided into lots and sold as a corporeal immovable is required to be sold.

Furthermore, all these objections come too late. They should have been urged when the first injunction was sued out. Plaintiff has abused the equitable writ of injunction, for which damages must be imposed.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. M. Ryan* and *R. J. Bowman*, for plaintiff and appellee. *Robert A. Hunter* and *T. C. Manning*, for defendants and appellants.

WYLY, J. In September, 1873, the defendant, Sollibellos, seized under his judgment against plaintiff, Maria L. Borron, wife of James Borron, the undivided half of a plantation and the movables and crops thereon, in the parish of Rapides, belonging to plaintiff, Mrs. Borron. She enjoined the sale, and the court below sustained the injunction; but this court in February, 1874, dissolved the injunction with damages. In September, 1874, plaintiff sued out this, the second injunction, to arrest the sale on the grounds —

First—That she had withdrawn the waiver of advertisement made by her, and the sheriff had notified her to appoint an appraiser without making the necessary advertisement.

Second—That she is entitled to a homestead, a partition having been made since the seizure, and the part where the residence is situated having fallen to her.

Third—That she is entitled to a certain credit for the amount stated in the petition.

The court maintained this injunction, and defendants appeal.

The evident object of this second injunction is to obtain the recognition of the right of a homestead. As plaintiff did not have this right when the seizure was made, and when the first injunction was sued out, she can not be allowed to claim it now. The thing seized and about to be sold is an incorporeal—the undivided half of certain property—and to this the right of homestead does not attach. Besides, the evidence shows that plaintiff is not entitled to a homestead; that her husband, upon whom the support of the family devolves, is an able-bodied man, that he recovered from the mixed commission in September, 1874, seven thousand seven hundred dollars in gold, and that since February, 1875, he and his family have been living at Dayton, Kentucky, for the purpose of educating his children.

To the notice of seizure plaintiff appended the following written waiver:

"We hereby waive advertisement of the property within described, and agree the sale shall have the same effect as if published in the official organ of this parish for thirty days.       M. L. BORRON.

"Authorized by me, James Borron.

"Filed December 3, 1873."

Maria L. Borron and Husband vs. Sollibellos.

We think this waiver dispensed with the necessity of advertisement, notwithstanding the attorneys, about the time the second injunction was sued out, attempted to withdraw the waiver.

The credit on the judgment which plaintiff alleges she is entitled to is not supported by the evidence.

The objection that defendants are attempting to sell without causing the property to be divided into lots of from ten to fifty acres is unfounded. As the thing seized is an incorporeal (the undivided half of a plantation, movables and products), it can not be divided into lots and sold as a corporeal immovable is required to be sold.

Furthermore, we will remark, all these objections come too late; they should have been urged when the first injunction was sued out.

Plaintiff has abused the equitable writ of injunction, and has without cause delayed the defendant, Sollibellos, in the enforcement of his execution, for which damages should be imposed.

It is therefore ordered that the judgment herein be annulled, that the injunction be dissolved, and that defendant, Joseph L. Sollibellos, recover of plaintiff and the sureties on her injunction bond, *in solido*, twenty per cent damages on the amount enjoined. It is further ordered that plaintiff pay costs of both courts.

Rehearing refused.