## No. 9156.

### VIRGINIA BOSSIER vs. S. P. RAINES, SHERIFF ET ALS.

In an appeal from a judgment in an injunction suit, involving the debtor's claim of a homestead under the act of 1865, previous to the recent amendments of the Constitution, the test of the jurisdiction of the Supreme Court was in the value of the property claimed as a homestead, and not in the amount of the judgment enjoined.

Homestead exemptions being in derogation of common right, parties claiming thereunder must show by clear proof that they fill all the requirements of the law conferring such exemptions.

A short residence on the property with a view to claim it as a homestead, but abandoned before the seizure will not be sufficient.

APPEAL from the Eleventh District Court, Parish of Natchitoches. *Pierson*, J.

*Watkins & Scarborough* for Plaintiff and Appellant.

*Chaplin, Dranguet & Chaplin* for Defendants and Appellees.

The original opinion and decree in this case were, on rehearing, set aside.

## On Rehearing.

### Motion to Dismiss

The opinion of the Court was delivered by

Poché, J. Plaintiff's object in this suit is:

1. To obtain a decree annulling two judgments; one in favor of Haller & Bro. for the sum of $214.00, and another in favor of Stephens in the sum of $290.00; both rendered against her pre-deceased husband and herself, on the ground that the debts sought to be enforced thereby, were debts of her husband.

2. To have her homestead rights recognized on a portion of the property seized in execution of said judgments, in case the validity of the latter be maintained.

3. To enforce the rights of herself and of her minor children under the act known as the Homestead Act of 1852, in the event of her being defeated on both of her previous demands:

The point made in the motion is that the jurisdiction of this Court must be tested by the amount involved in the judgment sought to be annulled or enjoined.

As shown in our previous opinion, the point applies successfully to the alleged nullity of the two judgments, the aggregate amount of which is not equal to the lower limit of our jurisdiction.

The motion must also prevail as to the demand for the sum of $1000.00 under the Act of 1852.

As the amount claimed does not exceed $1000.00, and as the prayer for the same is made in the alternative, it must therefore be treated as a separate demand, and hence it did not fall within our jurisdiction, as defined at the time that our previous opinion was rendered, anterior to the promulgation of the amendments to Art. 81 of the Constitution, which were promulgated on May 15, last past 1884. Nor can it be maintained under our jurisdiction, as then amended, by operation of which we are vested with jurisdiction over all questions of homestead, irrespective of the amount involved. This point came up in the recent case of the State ex rel. John Davidson vs. the judges of the Court of

Appeals, No. 9312, not yet published. In that case, after mature reflection, we held that the amendment on this subject was not intended to cover claims arising under the provisions of the Act of 1852—erroneously entitled a "Homestead Act."

The motion to dismiss must therefore prevail as to those two demands.

But from the foregoing reasons it follows that we are clearly vested with jurisdiction over the claim of a homestead under the provisions of the Act of 1865.

At the time that we rendered our previous opinion, we asserted jurisdiction on the ground that, from the pleadings and from the evidence, it appeared that the value of the property claimed as a homestead exceeded one thousand dollars, and that this was the amount in dispute under that part of plaintiff's suit. Gross vs. Routon, 33 Ann. 1046.

Now that the lower limit of our jurisdiction has been raised to two thousand dollars, we would be stripped of jurisdiction, were it not for the exceptional nature of the demand, over which we must retain jurisdiction by virtue of the amendment hereinabove referred to. The motion to dismiss must therefore be denied as to that feature of the issues presented by the pleadings. Under these views our investigation

## On the Merits

must be restricted to plaintiff's claim of the tract of land, which she inherited form her father's succession, as a homestead under the Act of 1865.

Her claim thereto is resisted on two grounds :

1. That she did not occupy the tract of land as a residence, within the requirements of the act.

2. That she could not claim a homestead adversely to the judgment of Haller & Bro., because it enforced a contract entered into in 1861, as evidenced by a promissory note of that year, long previous to the enactment of the Homestead legislation of 1865.

1st. In our previous opinion we held that plaintiff had made sufficient proof of her residence on the tract of land in question. But a second examination of the voluminous record in the case has created a different impression on our minds and has led to a different conclusion. From the evidence it appears that from the date of her marriage to that of her husband's death in 1875, plaintiff continuously resided with him in the town of Natchitoches where he filled several important public offices, including that of clerk of this Court when it held sessions at that place, and that after his death she continued to live in the same

town, without interruption, until September, 1880, when she announced her intention to remove her residence to the "Tauzin tract" which she now claims as her homestead. But there was then, and there is yet, no residence on the place, and she soon abandoned the idea of occupying, with her five children, one of the three laborers' cabins then on the place.

In July of the same year she had made and registered a homestead declaration under the provisions of the Act of 1880, and her remova to the place was in furtherance thereof. But in point of fact she was unable to put up with the inevitable hardships which the evidently ad-vised theory involved, and she returned to her dwelling, her real home and the abode of her children in the town of Natchitoches, where she was living in fact and in law, when the seizure was made.

It is too plain for argument that such a mode of establishing a resi-dence does not comply with the requirements of the Homestead Act of 1865. As we had occasion to say in the case of Tilton vs. Vignes, 33 Ann. 240, that act "concedes an exemption in derogation of common right, which should be strictly construed. Parties who claim a dispen-sation under its protective pale, must disclose and establish a clear case within its purview." Plaintiff has failed to place her case within the scope of the rule.

Under these views we eliminate a discussion of the second ground of resistance which defendants had invoked.

It is therefore ordered that our previous decree be set aside, and it is now ordered, adjudged and decreed that the judgment appealed from be affirmed at plaintiff's costs in both courts.