## No. 1249.

### H. S. Burch vs. E. Mouton, Sheriff, et al.

The occupants of a homestead have the same right to travel and sojourn in other places for temporary purposes of health, business or pleasure that other citizens have; and so long as such privilege is exercised in good faith, within reasonable limits and without intention to change or abandon the home, but with the fixed and certain intention of returning thereto, the homestead exemption is not affected thereby.

APPEAL from the Twenty-fifth District Court, Parish of Lafayette. *De Baillon*, J.

*Chas. D. Caffery* for Plaintiff and Appellee.

*Crow Girard* for Defendants and Appellants.

---

The opinion of the Court was delivered by

FENNER, J. Plaintiff enjoins the seizure under execution of property belonging to him and duly set apart as his homestead.

There is no dispute that the case presents every feature of a valid homestead, except that, at the time of seizure, the property was not actually "occupied" by the debtor.

The evidence is clear and uncontradicted that the property constituted the home of the plaintiff; that, being in ill health and acting under the advice of his physician, he concluded to try a change of residence during the summer months; that for this purpose he took and occupied a residence in Franklin, in St. Mary's parish; that, being a poor man, he rented his own premises during the summer, with the express stipulation, however, that he was to retake it on the 1st of October; that he left his kitchen utensils and furniture on the place in charge of his agent, except two chairs and some bedding, which he carried with him; that he did return in September and has since occupied his home.

His own testimony is direct and positive, not only to the above facts, but that he never harbored the intention of abandoning his home or changing his residence, but had merely left it temporarily for the sake of his health and with the fixed intention of returning thereto in the fall.

His statements are corroborated by the testimony of other witnesses. All acts apparently inconsistent with his declared intention are satisfactorily explained.

There is no opposing testimony. The only question is whether such facts destroyed plaintiff's *occupancy* in such manner as to defeat his homestead right.

Obviously they did not.

The law did not contemplate the conversion of the homestead into a prison, within whose limits the debtor and his family are bound to confine themselves perpetually under pain of forfeiting the right. The occupants of the homestead have the same right to travel and sojourn in other places for temporary purposes of health, business or pleasure that other citizens have. So long as such privilege is exercised in good faith, within reasonable limits and without the intention of changing or abandoning the home, but, on the contrary, with the fixed and certain intention of returning thereto, exemption is not affected thereby. So plain a proposition scarcely needs the support of authority, but we mention the following, which are cited by counsel: Jarvis vs. Mac., 38 Wis.; West River Bank vs. Gale, 42 Vermont; 30 Vt., 678; 17 Texas, 64; 18 Texas, 417; 20 Texas, 24, 96; 18 Ill., 194; 21 Ill., 178.

A bill of exception was reserved to the ruling of the judge permitting the plaintiff to testify to his intention. The objection has no merit.

Judgment affirmed.