Statement of the Case.
MONROE, J.
This is an action via ordinaria, in which the plaintiff prays for judgment upon two promissory notes, with recognition of mortgage. The defendant admits the execution of the notes, and of the mortgage on 45 acres of land, purporting to secure them, but alleges that he is the owner of only 22y2 acres thereof, and that the remainder is owned by his minor children, issue of his first marriage. He also alleges that his “portion of said property is a divided half, * * * and has been occupied by himself as a home for himself and family for many years”; that it constitutes all the property owned by him, and is worth about $800. He further alleges that he now has a wife and several children, issue of his marriage with her, dependent upon him for sup: port, and he claims the land, to which he asserts title as a homestead. There was judgment for plaintiff, with recognition of mortgage on that portion of the land which the defendant claims, and he has appealed.
It appears from some of the documentary evidence in the record that 30' of the 45 acres mortgaged to the plaintiff were acquired by the defendant after the death of his first wife; but it is admitted by the plaintiff “that, though the whole property was mortgaged by defendant, one-half was owned by his minor children, and is not subject to the mortgage.” We therefore conclude that there is some further explanation, as to the title, than is afforded by the evidence, and that the entire tract was acquired by the defendant as community property during his first marriage, and whilst the Constitution of 1879 was in force. The defendant, however, lives in a house owned by him, but situated upon adjoining land, owned by A. L. Mon-not, and has never lived upon the tract in question, nor does it appear that there has ever been any residence or other improvements thereon, save the fence by which it is surrounded; nor yet does it appear that any claim to homestead with respect thereto was ever made or registered during the existence of the first community, which terminated December 13, 1892, or whilst the Constitution of 1879 was in force. The mortgage in favor of the plaintiff was imposed in 1899, and it is admitted by the defendant that the property was then held in indivisión between himself and his minor children of the first marriage, and that a judicial partition in kind has since been effected at the instance of one of his co-owners, who, according to the record, was emancipated by judgment of court. The facts in this connection, as they appear from the record, are that the last maturing note 'Of the two notes sued on fell due in January, 1901; that in October of that year the minor, who was just then emancipated, sued for a partition; that the plaintiff here thereupon filed this suit, and a few days later intervened in the partition proceeding *304 for the purpose of resisting the demand of the plaintiff in that proceeding; and that in January, 1902, there was judgment decreeing the partition as prayed for, and dismissing the intervention, followed in May by the judgment now under consideration on appeal. It is shown that the defendant has a wife, as he alleges; that there are several minor children, issue of his present marriage, in addition to those born of the first marriage; and that neither he nor they have any property except the home in which they live and the tract of land concerning which this litigation has arisen. It is also shown that, whilst the defendant lives upon an adjoining tract, he occupies the tract in question in the sense that he cultivates it and keeps his hogs there. The only fact remaining to be noticed is that in the mortgage to the plaintiff the defendant’s wife intervenes, and declares “that, taking cognizance of these presents, she does hereby ratify and approve the mortgage herein granted by her husband, and does hereby renounce to any and all rights that she may have or could have in and to the property herein mortgaged, further obligating herself, in ease of nonpayment of the mortgage, to make no demand for any claim that she might have or could have to the same.”
Opinion.
The case presents three propositions, which may be stated from the plaintiffs point of view as follows:
(1) That the mortgage, having been given upon property held by the mortgagor in indivisión with others, cannot be defeated quoad the mortgagor’s interest by a subsequent partition of the property.
(2) That the property in question cannot be successfully claimed as a homestead by the defendant, for the reason that it is not, and has never been, occupied by him as • a 'home.
(3) That the declaration of defendant’s wife, as contained in the act of mortgage, amounts to a waiver of the homestead.
1. It will be observed from the statement which precedes this opinion that during the existence of the first community, and prior to the time at which the title to the property in question vested in indivisión in the defendant and his children, no steps such as were required by the Constitution of 1879 were taken to set the property apart as a homestead; in other words, it was not so registered. This ease therefore differs from the cases of Maxwell v. Roach, 106 La. 123, 30 South. 251, and Lyons v. Andry, 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299, in which it has been held that “a homestead right is not necessarily terminated by the dissolution of the community by the death of one of the spouses”; and it falls within the doctrine, established by repeated decisions to the effect that the right of homestead cannot exist with respect to property held in indivisión, of which doctrine this court has said: “This doctrine was first announced in Henderson v. Hoy, 26 La. Ann. 156, was affirmed in 28 La. Ann. 355 [Borron v. Sollibellos] and 608 [Simon v. Walkerl, and is a rule of property.” Brannin v. Womble, Sheriff, 32 La. Ann. 808. See, also, to the same effect, Greig v. Eastin, 30 La. Ann. 1130; Cole v. La Chambre, 31 La. Ann. 41; Gilmer v. O’Neal, Sheriff, et al., 32 La. Ann. 983; Soulier v. Sheriff et al., 37 La. Ann. 162.
When, therefore, the mortgage here sued on was given, the undivided interest of the plaintiff, upon which it took effect, was not exempt, or susceptible of exemption, as a homestead. The defendant, however, asserts that the question is to be determined with reference to the status of the property at the time that the plaintiff undertook to enforce his mortgage, rather than the status at the time that the mortgage was executed, and that when the plaintiff sought to enforce his mortgage there had been a partition in kind, as a result of which he (the defendant) had become sole owner of 22out of the 45 acres. We do not find it to be a fact that a partition had been effected when the plaintiff sought to enforce its mortgage. The action for partition .was begun October 31, 1901. The plaintiff brought the instant suit December 6, 1901, and thereafter, upon January 4, 1902, the judgment of .partition was rendered and signed.
But, if it had been otherwise, the result would be the same. The question involved was categorically decided in the case of Brannin v. Womble, Sheriff, and affirmed in Gilmer v. O’Neal, Sheriff, supra; this court, in. the case last mentioned, saying: *306 roe, and not yet reported [referring to the case of Brannin v. Womble, Sheriff] we held that, where a special mortgage was given, the mortgage and homestead rights must be governed by the state of facts existing at the date of the-mortgage. There the debtor owned and mortgaged the undivided three-fourths of an immovable, which, by reason of the indivisión, was not subject to the homestead claim. * * * He subsequently acquired the remaining fourth, and then claimed the homestead, which was denied. For the reasons given in that decision, we now hold that, inasmuch as at the date of the Templeton mortgage Gilmer did not reside on the property, he had no homestead right therein. The property came under the mortgage free therefrom, and he could not alter, diminish, and pro tanto destroy the effect of the mortgage by subsequently moving on the property and claiming the ex post facto homestead.”
*304 “In a case recently decided by us at Mon-
*306 The decision in Garnier v. Sheriff et al., 39 La. Ann. 884, 2 South. 797, upon which defendant’s counsel rely as holding a different doctrine, was predicated, in part at least, upon the fact that the homestead exemption had attached to the whole property before the debt sought to be enforced was created, and was not devested by reason of the vesting thereafter of the title in indivisión in the surviving spouse and heirs of the deceased wife, and the subsequent partition between them; whereas in the instant ease the exemption never did attach to the property, because, having been acquired under the dominion of tl)e Constitution of 1879, the claim was not registered and, since the adoption of the present Constitution, during which period the mortgage was imposed, the property has been owned in indivisión.
2. Upon the second point the facts and the law are equally conclusive against the defendant. It does not appear that he has ever occupied the property in question as a “homestead,” and the fact that he has otherwise used it does not bring it within the exemption provided by the Constitution.
Under the Constitution of 1879 and the act of 1865, p. 52 (Rev. St. 1876, § 1691), in a case such as the present the debtor who claimed the exemption was required to show, among other things, that he occupied the property as a residence as well when the mortgage was imposed as when it was sought to be enforced. Martin v. Walker & Herold, 43 La. Ann. 1019, 10 South. 365. It is equally essential that he should make this, showing for the purposes of the claim to homestead under the present Constitution, though under the present as under the pre-existing laws it may be held that temporary absence animo revertendi from an established home does not forfeit the homestead right (Burch v. Sheriff, 37 La. Ann. 725), or, where the homestead is once acquired, that an involuntary change of residence, superinduced by the destruction of the dwelling, does not per se produce that result. Lyons v. Andry et al., 106 La. 359, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299. The instant case, however, presents neither of those features.
3. The third proposition — i. e., that the intervention and declaration in the act of mortgage of the defendant’s wife operates as a waiver of the homestead — cannot be maintained. The Constitution provides that “any person entitled to a homestead may waive the same by signing, with his wife, if she be not separated a mensa et thoro, and having recorded in the office of the recorder of mortgages of his parish, a written waiver of the same, in whole or in part.” The declaration of the wife in this instance, does not purport to be a waiver on the part of the husband, but relates only to her rights, or supposed rights, and cannot be extended by implication to the rights of the husband.
For these reasons we are of opinion that the judgment appealed from is correct, and it is accordingly affirmed.