PRO YO STY, J.
Defendant, who has a wife and child dependent upon him for support, owned several tracts of land in indivisión with one Lee. Upon one of these-tracts he established a home for himself and family. Subsequently he and Lee and plaintiff entered into an agreement by which he-was to buy Lee’s interest, and plaintiff furnish the money and be given a mortgage upon the entire property to secure the loan. This agreement was carried out, and the-mortgage thus given is now being foreclosed.
■ Defendant resisted the seizure of the tract upon which he had established his home,, claiming it as his homestead; but, the property being worth more than $2,000, the court,, as the law requires in such cases, sent it to-sale, leaving defendant free to claim $2,000-out of the price; and that is what he is now doing. The homestead sold for $4,600. The-mortgaged property, as a whole, did not sell for near enough to pay plaintiff’s debt.
“The homestead exemption,” says article-245 of the Constitution, “shall not apply to-the following debts, to wit:
“(1) For the purchase price of property or any part thereof.”
*56 Plaintiff says that his debt is due for the purchase price of the property, within the meaning of this law.
This may or may not be true as to the half acquired from Lee, but it is certainly not true as to the half which defendant owned .and- had paid for already at the time the money was lent; and since the price of the latter part, i. e., one-half of the price of the whole, or one-half of $4,600 is more than sufficient to satisfy the $2,000 homestead claim, we do not see that this question of the debt being or not for the purchase price ■of the property can arise in the case.
But, say the learned counsel for plaintiff, the language of the Constitution is “the purchase price of the property or any part thereof,” meaning the purchase price of any •part of the property; and this debt is due for the purchase price of a part of the property.
This contention would not appear to us to be serious, if it were not being urged seriously. It is plain that by the words “the purchase price of the property or any part thereof,” the Constitution means any part •of the purchase price. The idea is that the homesteader shall not retain property which he has not paid for; that he shall either return the property or pay the price. The vendor of property is entitled to no • more than this. There could be no reason for extending further than this the exception made in his favor.
Since the above opinion was written, a ¡supplemental brief has been filed in behalf ■of plaintiff, in which the view opposite to that adopted in this opinion is given with .admirable clearness and terseness and with great force; and, since the point is a new one, we deem it well to give the argument in full and to state our reasons for not yielding to it. The brief reads as follows:
“Defendant’s brief lays great stress on the ■fact that the money advanced by the Iberia •Company was used to purchase only the undivided half of the property. His claim is that, as the homestead tract sold for $4,673, the Iberia Company standing in the relation of vendor only of the undivided half, Christen is entitled to receive his $2,000 out or the $2,337.-50, which the other undivided half necessarily brought.
“This point was pressed in the lower court, but the district judge made no allusion to it in his lengthy opinion; and we considered it of so little merit that we made no argument of it in our first brief herein.
“It was, however, so warmly pressed before this court that we desire to meet it in this supplemental brief, if it shall reach your honors in time.
“(1) This contention' is defeated by the constitutional provision:
“ ‘This exemption shall not apply to the following debts, to wit:
“ ‘(1) For the purchase price of property or any part thereof.’
“The homestead exemption either can be claimed in a given case, or it cannot be claimed. In this case the debt is for a part of the purchase price of the property, and the Constitution unequivocally declares that the exemption shall not apply to it.
“In interpreting this article of the Constitution let us invoke one of the old rules for the construction of statutes, viz., ‘Examine the context.’ Let us look at the exemption next following the one under discussion, to wit:
“ ‘(2) For labor, money, and material, furnished for building, repairing- or improving homesteads.’
“Now, if a man, owning a lot of ground, employs a contractor to build a dwelling thereon for him, agreeing to pay the contractor \$5,000 for the completed dwelling, the debt thus created ,uis one against which the homestead exemption cannot be successfully set up. The debtor could not maintain that the ground was exempt, and that the contractor could subject only the building to the payment of his claim. And so it would be in the case of one who had put a new roof on the dwelling or performed any labor in improving the premises. Absolutely, the exemption cannot be pleaded against such a debt.
“Article 245 enumerates five cases in which the homestead exemption shall have no application whatever, and our case is one of them.
“(2) It is a rule of property well established in our jurisprudence that the right of homestead cannot exist with respect to property held in indivisión. Bank v. Stansbury, 110 La. 304, 34 South. 452, and cases there cited.
“To hold that defendant is entitled to receive $2,000 out of the proceeds of one-half of the property would be to hold that he had maintained a valid homestead in the undivided half of the property as to this debt, while he had maintained no homestead in the other half. To maintain a homestead in an undivided *58 portion of property is impossible, under our settled jurisprudence.
“Let us suppose another case: Premises are sold for $10,000, $5,000 is paid in cash, and credit given for the remainder. The purchaser establishes the premises as a residence. The $5,000 debt is not paid. The creditor has the premises seized to satisfy the debt. Debtor pleads homestead. Whole property brings $6,-000, not enough to satisfy the debt, with interest and costs. Could debtor successfully maintain a claim for $2,000 out of the undivided half of the property for which cash was paid? We think not, and yet this conclusion would naturally follow if defendant’s claim can be maintained in this case.
"Again, it is well setttled that, ‘where a special mortgage is given, the mortgage and homestead rights must be governed by the state of facts existing at the date of the mortgage.’ Gilmer v. Sheriff, 32 La. Ann. 983; Brannin v. Womble, 32 La. Ann. 808; Bank v. Stansbury, 110 La. 304, 34 South. 452. In our case the sale to Christen and the mortgage to the Iberia Company took place, in the eye of the law, at the same moment, being parts of the same transaction. Up to the time_ of the mortgage Christen was owner in indivisión with Lee, and not in a position to claim homestead exemption. This very mortgage, then, is what gave him his homestead, as against all the_ world except the one who procured it for him, and the debt which was created in procuring it.
“(3) It is our jurisprudence, that the homestead exemption, being in derogation of a common right, should be strictly construed as against the debtor. Tilton v. Vignes, 33 La. Ann. 242; Guillory v. Deville, 21 La. Ann. 686; Todd v. Gordy, 28 La. Ann. 667; Briant v. Lyons, 29 La. Ann. 64; Decuir v. Benker, 33 La. Ann. 320; Bossier v. Raines, 37 La. Ann. 263.”
This argument assumes that defendant has not “maintained” a homestead in the whole property, whereas it is an uncontested fact in the case that he has done that very thing.
Nobody says that he has not. Counsel’s very argument presupposes that he has. Counsel do not contend that the property is not homestead, but they contend that, notwithstanding that undeniable fact, it is liable to plaintiff’s debt, because under article 245 of the Constitution the homestead may be seized for a debt due for the purchase price of the property constituting the homestead. Counsel by their argument say: “This property is homestead, but we have the right, nevertheless, to seize it, because our debt is due for its purchase price.”
The situation is, then, that the property as a whole is defendant’s homestead, and that he can maintain it to be such, except in so far as superior rights may intervene. So that the question which arises is not as to whether or not the property is homestead (that it is, is a conceded fact), but as to whether or not the debt of plaintiff is due for the purchase price. In answer to that question we say, conceding for argument that the debt is a purchase-price debt, it can be such only for that part of the property which defendant acquired from Lee. It cannot be such for that part of the property which defendant had already acquired .and paid for at the time the debt came into existence.
To put the ease somewhat differently: Here was'this property constituting a home•stead, proof against any attack except that of a holder of a vendor’s claim; and here was a vendor’s claim extending only to a part of the property. Under these circumstances, was the vendor entitled to take the entire property because he had a superior claim to a part? or was he entitled to take only the part to which his claim extended?
In other words, the uncontested fact is that the fund out of which defendant is claiming this $2,000 is the price of a homestead, and the law is that from out of the price of his homestead the homesteader is entitled to $2,000, unless the superior claims specified in article 245 of the Constitution intervene; and plaintiff’s claim can be thus superior only to the extent that it is for the purchase price of the property, or, in other words, only as against the property whereof the claim represents the purchase price.
Passing to the next argument, that in interpreting any particular part of a statute it is proper to read it in connection with the context. This rule can, in the nature of things, be of little value in a case where the part to be interpreted is one exception out *60 •of a list, each of which has been dictated 'by a.motive peculiar to itself. But, assuming the propriety of arguing from one of these ■exceptions to the other, surely this can be •done only in so far as the analogy between them may hold. How far in the contemplation of the law the analogy holds in this particular instance may be considered to be determined by the provisions of the law granting a privilege in the two cases in question, namely, to the vendor for the unpaid price, •and to the furnisher of labor and materials that have gone towards the improvement of an estáte. The vendor is allowed a privilege only on the thing sold. The furnisher •of labor and materials is allowed a privilege •on “the building and other work,” and also on the land upon which the building or other work is constructed. Rev. St. §§ 2876, 2877, 2878.
The effect of plaintiff’s argument would be that an ordinary claim unfavored by the law with a privilege of any kind would be accorded preference over the homestead right, the most favored claim known to the law, saving those specified in article 245.
We come, lastly, to the argument that, the homestead having sprung into existence as .an effect of the agreement by which the property was acquired, and it being stipulated in this agreement, as one of its express con-' ditions, that a valid mortgage should be given upon the property as a whole, it follows that the mortgage stands ahead of the homestead; •or, in other words, that under the peculiar conditions of the agreement the homestead •cannot be invoked as against the mortgage.
Fully stated, the argument, as we understand it, stands thus:
Without the purchase from Lee there could be no homestead, because the property would be held in indivisión, and, in our state, a title in indivisión cannot serve as a basis for a homestead right. Without the loan from plaintiff there could be no purchase from Lee, because defendant would be without money to buy. Without the giving of a mortgage upon the entire property, unaffected by any homestead right, there could be no loan, because plaintiff was willing to lend the money only on that condition. Hence the giving of such a mortgage stood as a condition precedent to defendant’s becoming owner in severalty, or, what is the same thing, to the springing into existence of any homestead right. In other words, the giving of a mortgage unaffected by the homestead right inheres in the title—stands, as it were, before the title; whereas the homestead right stands upon the title, comes after the title, and, as a consequence, after the mortgage.
In the abstract this argument may be sound, but as applicable to this case it is not. It supposes the possibility of the interest of Lee passing from him unconditionally and vesting in defendant conditionally—a thing impossible under our law. Under our law, the full or unconditional title must be vested at all times in somebody. Parties cannot by agreement make it otherwise. Hence, in this case, if the title passed out of Lee unconditionally—and there can be no question but that under the agreement it did—it necessarily vested unconditionally in defendant. Under our law, the homestead right attaches by operation of law, not as an effect of the violation of the homesteader. As a consequence, it attached in this case the moment defendant became owner in severalty. If, therefore, it be true that the parties agreed that a mortgage should be given upon the property as a whole, unaffected by any homestead right, the agreement amounted to nothing more than to an implied waiver of the homestead in advance, and as such it can have no effect, for the reason that, while the homesteader is permitted to waive his homestead right, he can do so only by an express stipulation, and with the concurrence *62 of his wife. An implied waiver without the concurrence of the wife would, legally speaking, be no waiver at all. Therefore, even though the widest scope it can possibly have under our law were allowed to the agreement, the homestead right would have attached to the property before the mortgage.
Judgment affirmed.