PROYOSTX, J.
The defendants, James and Charles Kilbourne, owners in indivisión with their seven brothers and sisters, in the proportion of one-ninth to each,'of four separate pieces of real estate inherited from their father and mother, mortgaged their interest to the plaintiff. The act of mortgage contained the following clause:
“When the above-described property shall be partitioned between these mortgagors and their coheirs, this mortgage shall attach to that portion of above-described real estate as shall fall to the share of these mortgagors, the same not to be less in value than the above-described two-ninths interest in the whole of the above-described property, in lieu of the two-ninths interest in all of the above-described real estate.”
An amicable partition was effected between the heirs, by which there was assigned to'each of the two defendants a one-sixth interest in one of the pieces of real estate, and their interest in the other three was relinquished. Upon the property thus assigned to them by the partition, the two defendants some time later gave a mortgage to the Bank of West Feliciana. The plaintiff caused the interest thus assigned to the defendants by the partition to be seized and sold in satisfaction of his mortgage; and the Bank of West Feliciana intervened by way of third opposition in the seizure and sale proceedings, and claimed a superiority of right over the plaintiff as to that part of the price representing the part of the property of which the defendants were not owners at the time their mortgage to plaintiff was given, but of which they became owners only as a result of the partition.
The-Bank of West Feliciana contends that the above-transcribed clause in the mortgage act to plaintiff, by which, in case of a partition among the heirs, the mortgage was to rest upon whatever portion might in the partition be assigned to the mortgagors, is inoperative, because, first, a partition cannot have the effect of bringing under a mortgage property which did not belong to the mortgagor at the 'time the mortgage was given, and which, therefore, was not included in the mortgage; and because, secondly, parties cannot validly mortgage in advance property expected to be acquired by virtue of a contemplated partition, because this would be to mortgage future property, which article 3308, O. 0., forbids; and because, thirdly, and finally, even if such a thing were possible, it has not been done in the present case, because the condition found in the present act of mortgage, to the effect that the share to be acquired by the mortgagors by the partition must not be less in value than tneir two-ninths interest in the rest of the prop *189 erty, introduces into the description of the property to be affected by the mortgage an element of uncertainty, and that this is fatal to the mortgage, since articles 3306 and 3307 of the Code provide that the nature and situation of the mortgaged property must be stated with precision.
[1] Article 1338, C. C., provides that:
“In all judicial partitions where the property is divided in kind, the mortgages, liens and privileges existing- against one of the coproprietors, shall, by the mere fact of the partition, attach to the shares allotted to him by the partition, and cease to attach to the shares allotted to his coproprietors.”
[2] The parties in this case sought to bring about by private agreement in case of an amicable partition among the heirs what would thus be brought about by operation of law in case of a judicial partition. We can find no good reason for such a thing not being perfectly valid. A partition is an act declarative and not acquisitive of ownership. By the act of mortgage the mortgagors mortgaged all their interest in the four pieces of real estate, such as that interest then was or such as it might be declared to' be in any partition that might be made. If article 3308, prohibiting the mortgaging of future property, and article 3304, allowing the mortgaging of property of which the mortgagor is not yet owner, are read together, they mean that future indefinite property cannot be mortgaged, but that future definite property may. Now, there is no indefiniteness in an act by which several pieces of property are described, and the extent of the mortgagor’s interest therein is stated, and the said interest is mortgaged, with the added agreement that, in case by a partition the undivided interest thus mortgaged becomes segregated, the mortgage is to rest upon the same interest as thus segregated.
[3] The conditional clause that the property to be assigned to the mortgagors in the partition is not to be of less value than their interest in the unpartitioned property may have been inoperative and futile as not binding upon the co-owhers of the mortgagors, and therefore not standing in the way of any partition these co-owners and the mortgagors might choose to make; but we fail entirely to see that it brings any uncertainty into the act of mortgage with reference to the mortgaged property. With or without said clause, the said property consists, before partition, of whatever interest the mortgagors have in the properties described in the act of mortgage, and, after the partition, of that same interest as commuted, or segregated and fixed, by the partition. Such a clause is in no way calculated to deceive or mislead third persons who may subsequently deal with the property. The act of mortgage unmistakably indicates what property is mortgaged, or what is the amount of the debt secured by the mortgage.
Judgment affirmed.