## In re LEVAN.

(District Court, W. D. Louisiana, Shreveport Division. October 3, 1925.)

No. 2674.

1. Bankruptcy ⏑398(3)—Homestead rights of bankrupt as against vendor's lien claim determined.

Where owner of undivided one-half interest in property, in purchasing remaining half gave mortgage on whole, homestead rights, which thereupon sprang into existence, were superior to the mortgage as to one-half of the proceeds on sale in bankruptcy.

2. Courts ⏑366(19)—Federal courts as rule follow state courts on question of homestead rights.

Federal courts as a rule follow decisions of courts of last resort of states on question of homestead rights.

In Bankruptcy. In the matter of the bankruptcy of Harris Northcut Levan. On exception of bankrupt to referee's ruling on claim to homestead. Referee's ruling set aside, and homestead claim recognized.

Cook & Cook, of Shreveport, La., for claimant and opponent.

Crow & Coleman and W. B. Massey, all of Shreveport, La., for bankrupt.

DAWKINS, District Judge. This matter comes on for hearing upon the exception of the bankrupt to the ruling of the referee upon his claim to homestead upon a portion of the proceeds arising from the sale of the property occupied by him as such at the time of the filing of the petition in bankruptcy.

[1] The issue herein arises out of the following circumstances: The bankrupt and one Baxter, present claimant and opponent to the asserted homestead right, were joint owners of the property, having occupied a portion of it with their respective families and used the lower floor for business purposes. Baxter having decided to sell his undivided interest to Levan, a price was agreed upon and a sale executed, in which a small cash payment was made, a vendor's lien retained as to the interest of Baxter, which was conveyed, and a special mortgage granted upon the whole, including the undivided half interest already owned by Levan, to secure the entire credit portion of the price.

It is conceded that Levan could not claim a homestead in the property so long as he owned an undivided interest alone; but it is not denied that, when he acquired the full ownership, the right to assert the homestead sprang into existence. However, the argu-

ment is made on behalf of the creditor that, inasmuch as the act by which the sale was consummated, and the mortgage and vendor's lien retained, was executed at one and the same time, the effect was to have the mortgage attach to the interest already owned by Levan before the homestead came into existence. This contention has been upheld by the referee, and is now assailed by the bankrupt in proceedings to review before the court.

[2] It is stated by the referee that no decisions could be found upon the subject. However, counsel for the bankrupt, in a supplemental brief which has just been received, cite a case by the Supreme Court of the state of Louisiana which appears to be in principle practically identical with the one now under consideration, and, inasmuch as the question involves a construction of the Louisiana law, I think I should follow that case, for the reason that the federal courts in like circumstances, as a rule, follow the decisions of the courts of last resort of the states upon questions of this kind. The case cited is that of Iberia Cypress Co., Ltd., v. Christen, 116 La. 53, 40 So. 529. The language used by the Louisiana court is so appropriate to the present case, I quote therefrom at length:

"We come, lastly, to the argument that, the homestead having sprung into existence as an effect of the agreement by which the property was acquired, and it being stipulated in this agreement, as one of its express conditions, that a valid mortgage should be given upon the property as a whole, it follows that the mortgage stands ahead of the homestead, or, in other words, that under the peculiar conditions of the agreement the homestead cannot be invoked as against the mortgage. Fully stated, the argument, as we understand it, stands thus:

"Without the purchase from Lee there could be no homestead, because the property would be held in indivision, and in our state a title in indivision cannot serve as a basis for a homestead right. Without the loan from plaintiff there could be no purchase from Lee, because defendant would be without money to buy. Without the giving of a mortgage upon the entire property, unaffected by any homestead right, there could be no loan, because plaintiff was willing to lend the money only on that condition. Hence the giving of such a mortgage stood as a condition precedent to defendant's becoming owner in severalty, or, what is the same thing, to

the springing into existence of any homestead right. In other words, the giving of a mortgage unaffected by the homestead right inheres in the title, stands, as it were, before the title; whereas, the homestead right stands upon the title, comes after the title, and, as a consequence, after the mortgage.

"In the abstract this argument may be sound, but as applicable to this case it is not. It supposes the possibility of the interest of Lee passing from him unconditionally and vesting in defendant conditionally—a thing impossible under our law. Under our law, the full or unconditional title must be vested at all times in somebody. Parties cannot by agreement make it otherwise. Hence, in this case, if the title passed out of Lee unconditionally—and there can be no question but that under the agreement it did—it necessarily vested unconditionally in defendant. Under our law, the homestead right attaches by operation of law, not as an effect of the violation [volition] of the homesteader. As a consequence, it attached in this case the moment defendant became owner in severalty. If, therefore, it be true that the parties agreed that a mortgage should be given upon the property as a whole, unaffected by any homestead right, the agreement amounted to nothing more than to an implied waiver of the homestead in advance, and as such it can have no effect, for the reason that, while the homesteader is permitted to waive his homestead right, he can do so only by an express stipulation, and with the concurrence of his wife. An implied waiver without the concurrence of the wife would, legally speaking, be no waiver at all. Therefore, even though the widest scope it can possibly have under our law were allowed to the agreement, the homestead right would have attached to the property before the mortgage."

I may add, also, that I am convinced of the correctness of the reasoning and logic of the decision quoted from. It is conceded that the homestead claim as to half of the fund is inferior to the vendor's lien of Baxter.

For the reasons assigned, the report and ruling of the referee is set aside, and it is now ordered, adjudged, and decreed that the homestead claim of the bankrupt to one-half of the proceeds of the sale of the property claimed as such homestead be and the same is hereby recognized as superior to the claims of creditors, and particularly to that of the opponent, E. M. Baxter, and that the same be paid over to him accordingly.