No. 3300

Second Circuit

NEWMAN v. VELLA

(January 21, 1929. Opinion and Decree.)

Joffrion and Joffrion, of Marksville, attorneys for plaintiff, appellant.

W. E. Couvillon, of Marksville, attorney for defendant, appellee.

WEBB, J. Plaintiff, S. W. Newman, alleging that a three-fourths interest in a crop of fifteen acres of corn belonging to him had been seized and sold by defendant, Lucas Vella, in the suit of Lucas Vella (defendant here) versus S. W. Newman (plaintiff here) on the docket of the District Court for the parish of Avoyelles, over his, Newman's protest, in which he claimed that the property was exempt from seizure and sale under the homestead law, (Const. 1921, Art. 11), brought this action to recover damages alleged to have been sustained, and he appeals from a judgment sustaining an exception of no right or cause of action and dismissing his suit.

The claim that the property was exempt is based upon the constitutional provision (section 1, article XI, Constitution of 1921) which grants to—

"Every head of a family, or person having a mother or father or a person or persons dependent on him or her for support"

the right to claim an exemption of certain designated property of a value not exceeding two thousand dollars, among which property, where the claimant is a farmer, there is included the necessary corn, fodder, etc., for the current year, and the only questions presented by counsel are whether or not the petition shows that plaintiff was the head of a family with a person or persons dependent on him for support, and, if so, whether the exemption attached to the property seized and sold.

While the plaintiff does not specifically allege that he was either the head of a family or that he had persons dependent on him for support, he does allege that he "was a married man with dependents" and considering that allegation with other allegations, that he did not own other property, and with the recognized rule that a family may consist of the husband and wife alone (Homestead, R. C. L., vol. 13, page 552, No. 12), and the law which recognizes the husband as the head of the family and the obligation of the husband to support the wife, we think the petition shows that plaintiff was the head of a family, within the meaning of the provision,

granting the homestead exemption to every head of a family, and that it was not essential for him to allege that his wife was dependent on him for support, as the presumption is that she was so dependent (see Garner vs. Freeman, 118 La. 184, 42 So. 767, 118 Am. St. Rep. 361).

Relative to the question of whether the petition shows that the property was exempt from seizure and sale, the petition is somewhat vague as to the nature of the property seized; that is, whether it was plaintiff's right in the crop, or an undivided interest therein. However, in argument and brief counsel apparently concede that the property was the undivided interest of plaintiff in the crop, and while conceding that it is well established that the homestead exemption does not attach to the undivided interest of the claimant in real estate (Bank vs. Stansbury, 110 La. 301, 34 So. 452, and authorities cited; Caire vs. Hickox, 136 La. 803, 67 So. 887), it is contended that the rule should not be applied to movables or the interest of a tenant in a crop of corn cultivated by him under a lease contract.

One of the reasons given why the homestead exemption does not attach to property owned in indivision is that the claimant cannot designate any certain part of the property as belonging to him, and as the same is true of movables as well as immovables, there does not appear to be any reason why the general rule should not be applicable to the one as well as the other, and it being conceded that the property seized was the undivided interest of plaintiff in the crop, and it not being suggested that the seizure was ineffective, the partition made after that time to which the seizing creditor was not a party, could not affect his rights or render the portion of the crop thus set aside for plaintiff subject to the exemption, as the rights of the parties, and the question as to whether the exemption attached must be determined as of the date of the seizure (Borron vs. Sollibellos, 28 La. Ann. 355; Cole vs. LaChambre, 31 La. Ann. 45; Bank vs. Stansbury, 110 La. 301, 34 So. 452; Garner vs. Freeman, 118 La. 188, 42 So. 767, 118 Am. St. Rep. 361).

The petition showing that the property seized and sold was an undivided interest, the homestead exemption did not attach to such property, and plaintiff cannot recover damages alleged to have resulted from a seizure and sale of such property.

The judgment appealed from is therefore affirmed.