## REMINGTON–RAND, Inc., v. PROFITS ISLAND GRAVEL CO., Inc. (WITTER, Intervener).

## No. 1212.

Court of Appeal of Louisiana. First Circuit.

Oct. 5, 1933.

W. O. Watson, of Baton Rouge, for appellant.

Jos. A. Loret, of Baton Rouge, for appellee.

ELLIOTT, Judge.

A rehearing was granted herein on the petition of Eleanor Connell Witter, administratrix, substituted for W. P. Connell, intervener and third opponent, deceased. She alleges in her petition for a rehearing that each article of office furniture, described in the act of mortgage, which Profit's Island Gravel Company, Inc., granted in favor of Remington-Rand Business Service, Inc., the name of which was afterwards changed to Remington-Rand, Inc., and which mortgage Remington-Rand, Inc., now endeavors to enforce, bears a mark put on it by the manufacturer for the purpose of identification; that this mark is a necessary part of the description in an act of mortgage in order to identify the particular item from others of the same class and kind put out by the manufacturer; that the identity of the particular property cannot be established, except by reference to this mark; that the act of mortgage, which the plaintiff urges as establishing its prior and superior right over the lessor's privilege, claimed by intervener and third opponent, is invalid on said account.

If intervener and third opponent is correct in the matter mentioned, it follows that the proceeds of the furniture must go to intervener and third opponent. It is not claimed that the description of the furniture in the act of mortgage is incorrect. The contention is that it is not sufficient to render the mortgage effective against her, a third person. For the reasons stated in our former opinion herein, we think the description of the property, as contained in the act of mortgage before L. W. Brooks, notary public, sufficiently complies with the requirements of the chattel mortgage law, Act No. 198 of 1918, as amended. Our former holding on this subject is correct. The contention of intervener and third opponent that the mark, which the evidence shows was placed on each article by the manufacturer is a necessary part of the description of each object in order to render a conventional mortgage thereof valid is overruled.

She further contends, quoting her petition, that this court "erred in holding, that when a person has agreed with another to buy an article of a certain kind to be selected by the seller from a large stock of articles of that kind and delivered to the buyer, the buyer cannot grant a valid chattel mortgage on the article before it has been selected from the stock." In our opinion we said, with reference to this contention: "A part of the articles were in Baton Rouge at the time the act of mortgage was executed, but other articles, part of plaintiff's general stock had not been taken out of its stock located in other states."

According to plaintiff's witness, W. B. Gordon, the Remington bookkeeping machine, model D; Dalton adding machine and all its attachments, including motor and stand, ledger tray, and base, were in Baton Rouge at the time the mortgage was executed and recorded. As to these articles, intervener's contention does not apply, but the other articles, named in the act of mortgage, had not been shipped, and were at the time at points outside of the state. Mr. Gordon at first testified that following receipt of the order, but pending the execution and registry of the act of mortgage, the various articles not in Baton Rouge had been crated, which meant that the particular objects had been appropriated to the order and set apart for Profit's Island Gravel Company, Inc., but the witness subsequently made it plain that he did not know of his own knowledge whether that had been done or not.

Our statement in the opinion, "but other articles, part of plaintiff's general stock had not been taken out of its stock located in other states," is therefore inaccurate, and we desire to correct it by saying that, according to the witness Gordon, it is not established that the articles at points in other states had not been taken out of its stock, but his evidence does not show that it was not done. We quote his last statement on the subject: "Q. Upon receipt of the order, signed by Profit's Island Gravel Co., Inc., for this equipment, did your company advise you, that they had purchased the equipment and were holding up shipment until the chattel mortgage was executed? A. Yes. (Objection was here made on the ground, that it would be hearsay, if it be intended to show, that they had actually done that, and the objection was sustained.)"

The mortgage is by authentic act in due form, and was recorded before the property was placed in intervener's and third opponent's building. The act of mortgage states, as a prefix to the description: "The following described furniture, fixtures and equipment, located in the two-story brick building at the southwest corner of Lafayette and Laurel Streets in the City of Baton Rouge," but the description concludes with the following corrective statement: "The property herein mortgaged has been sold by present mortgagee to the present mortgagor but has not yet been delivered to the present mortgagor and when same is delivered it will be located in the premises above described."

The articles are not described in the act of mortgage as articles of a general kind or class, kept in stock by the mortgagee. The terms of description used in the act have reference to particular objects, sold and delivered to the mortgagor. The authentic act of mortgage is full proof of the agreement, contained in it, against the contracting parties. Civil Code, art. 2236.

The objects, delivered to Profit's Island Gravel Company, Inc. in conformity with the stipulations of this act of mortgage, are the identical objects which intervener and third opponent endeavors to subject to her lessor's privilege. If it be supposed that the mortgage did not become effective against third persons at the time the act was passed and recorded, the facts and circumstances indicate with reasonable certainty that actual delivery to the mortgagor did take place before the property was placed in intervener's building. Under the terms of the Civil Code, art. 3304, "if a person contracting an obligation towards another, grants a mortgage on property of which he is not then owner, this mortgage shall be valid if the debtor should ever after acquire the ownership of the property, by whatever right." Amonett v. Amis, 16 La. Ann. 225; Semple v. Scarborough, 44 La. Ann. 257, 10 So. 860; Anglin v. Kilbourne, 131 La. 186, 59 So. 116.

Intervener and third opponent cites us to State v. Shields, 110 La. 547, 34 So. 673; George D. Witt Shoe Co. v. J. A. Seegars & Co., 122 La. 145, 47 So. 444; and Consolidated Companies v. Laws, 11 La. App. 676, 124 So. 775. These cases deal with, and act on, a question of sale. The question in this case involves the validity of an act of mortgage in which particular objects are described and not referred to as forming part of a general kind and class composing a stock, and which objects, even if not actually delivered at the time the act of mortgage was passed and recorded, were actually delivered to the mortgagor, as owner thereof, before they were placed in the leased building. It seems clear, from any standpoint taken, that in this case the privilege of the lessor is subordinate to the right of the mortgagee.

An act of mortgage in due form is presumed to be valid. It is for the party attacking it on the ground that he has a lessor's privilege, which attached to the property before it was selected and set apart for the mortgagor out of the general stock, to establish the facts necessary to show its invalidity on that account. For the reasons stated, intervener and third opponent has failed to establish the alleged nullity of the act in question. Our former opinion and decree is correct. It is now reinstated and made the final judgment of this court herein.