No. 5033.

FRANK D. HENDERSON *v.* JOSEPH HOY and SHERIFF.

*If the description of property to be sold is insufficient, the owner thereof can not be injured, because there will be no sale. Therefore this is no ground for an injunction by the defendant in execution.*

*The plaintiff is not entitled to claim the homestead he pretends to be entitled to, out of the property seized, which is his undivided sixth interest in a tract of land containing some five hundred acres, which he held in common with other heirs. What is seized is not susceptible of being a homestead; it is only plaintiff's share in the land; it is an incorporeal thing; and what is incorporeal can not be the object of the operation of the homestead law.*

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *Manning,* for plaintiff and appellant. *Hunter,* for defendant and appellee.

WYLY, J. The plaintiff injoined the sale under execution of the property described in the petition on the grounds:

*First*—That the description of the property is vague and indefinite.

*Second*—That said property is exempt from seizure, because it is his homestead.

If the description of the property is insufficient the plaintiff can not

be injured, because there will be no sale. Therefore this is no ground for an injunction by the defendant in execution. But the description of the property on the writ and in the advertisement is sufficient. It proposes to sell the undivided interest of Frank D. Henderson, as one of the heirs of J. H. Henderson, in the succession of Francis and Rosena Henderson, deceased, and the right, title and interest of said Frank D. Henderson, in the succession of his father, J. H. Henderson. If the description be sufficient for the plaintiff to carve out his homestead, it ought to be sufficient for a sale to pay his judgment creditor.

*Second*—The plaintiff is not entitled to claim the homestead out of the property seized, which is his undivided sixth interest in a tract of land, containing some five hundred acres, which he holds in indivision with the other heirs of J. H. Henderson.

The property or right seized is the plaintiff's share in the land which belongs to the six heirs of J. H. Henderson. There is no particular part of the five hundred acres that he can rightfully claim as his own. He only has a share of one-sixth in each and every acre. He may never become the sole owner of any part of it, because it may happen that a partition by licitation may be deemed most advantageous to the owners, and the partition be made in that way.

But a sufficient answer to plaintiff's pretensions on this point is, that the property seized is not susceptible of being a homestead; it is only his share of the land; it is an incorporeal. And an incorporeal can not be the object of the operation of the homestead act.

It is therefore ordered that the judgment herein in favor of the defendants be affirmed with costs.