No. 890.

ARTHUR SIMON VS. C. H. WALKER AND SHERIFF.

Plaintiff, not being the owner of any fixed or known number of acres of the land seized, but simply an owner of five undivided twelfths thereof, is not entitled to a homestead. He is a part owner of every acre and fraction of every acre, just as his brother is, and neither one can designate any particular acre or acres as belonging to him, and he can not therefore locate a homestead on his property.

Besides, the defendant's right of vendor's lien and mortgage attaches to each and every half of every acre, and hence, under the terms of the homestead law, the plaintiff can not assert the right of homestead on one hundred and sixty acres, every one of said one hundred and sixty acres, as well as every other acre, being incumbered to the extent of one undivided half thereof at least, with the vendor's lien.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *A. L. Tucker* and *A. C. Dumartrait*, for plaintiff and appellant. *D. Caffery*, for defendants and appellees.

HOWELL, J. This is an action to secure a homestead. The material facts are: Plaintiff, at a judicial sale, purchased the Palo Alto plantation in St. Mary. He sold an undivided half thereof to defendant, Walker. Afterward he sold two thirds of his undivided half to his brother. The two then purchased from Walker his undivided half, and to secure the price gave a mortgage, not only upon the undivided half sold, but on the other undivided half also. The price not being paid, Walker, the vendor, foreclosed his mortgage, whereupon this suit was instituted to obtain one hundred and sixty acres, embracing the residence, as a homestead. Edward Simon, the brother of plaintiff, intervened, alleging that he was part owner of the property so claimed as a homestead, and asked to be so decreed, if judgment be in favor of plaintiff. Judgment was given in favor of defendant, and plaintiff appealed.

Plaintiff not being the owner of any fixed or known number of acres of the land, but simply an owner of five undivided twelfths thereof, is not entitled to a homestead. He is a part owner of every acre and fraction of every acre, just as his brother is, and neither one can designate any particular acre or acres as belonging to him, and he can not therefore locate a homestead on his property. And, besides, the defendant's right of vendor's lien and mortgage attaches to each and every half of every acre, and hence, under the terms of the homestead law, the plaintiff can not assert the right of homestead on one hundred and sixty acres, every one of said one hundred and sixty acres, as well as every other acre, being incumbered to the extent of one undivided half thereof at least with the vendor's lien.

We think it very clear the plaintiff is not entitled to the homestead.

Judgment affirmed.