Bertron et al. vs. Stuart and Powell.

---

## No. 10,866.

OTTILIE BERTRON ET AL. VS. WM. R. STUART AND J. R. POWELL.

1. While it is true that in the absence of any statute authorizing it, the authorities deny any efficacy to an appointment of an executor outside of the territorial jurisdiction within which it was granted; and that if such executor desires to prosecute a suit in another State, he must first obtain a grant of administration therein, in accordance with its laws, yet exception must be therein taken to such executor's *want* of capacity, otherwise the court will be presumed to have acted on proper evidence of his capacity, and its judgment will not be annulled for want of jurisdiction of the court to render it.

2. In case the judgment debtor resides in a State different from that in which the decree was rendered, and it becomes necessary to institute proceedings for its revival, it is competent for the court of the State in which suit for revival is brought, to appoint a curator *ad hoc*, upon whom service can be made, and contradictorily with whom a judgment can be rendered. Such a suit is not an action *in personam*, but one *quasi in rem*, and the judgment therein pronounced will be binding upon the absentees.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Moise & Titche* for Plaintiffs and Appellees:

1. No defences short of absolute nullity in the original judgment can be pleaded in an action to revive the judgment. 34 An. 340; 33 An. 342; 31 An. 326; 30 An. 1330; 29 An. 69; 23 An. 173; 31 An. 325.

Bertron et al. vs. Stuart and Powell.

2. Two days after a default has been seasonably entered, the plaintiff may obtain a definitive judgment by proving his demand. The only requirement is that the judgment must express the ground on which it was rendered. C. P. 310-315.

3. In deciding upon the validity of a judgment reviving a judgment, the law of the State in which the judgment was rendered must prevail. Scudder vs. Union National Bank, 91 U. S. 411; Wharton on the Conflict of Laws, Sec. 401 (Ed. 1881).

4. By answering, when the court has jurisdiction *ratione materiæ*, the objections to the jurisdiction *ratione personæ* are waived. 29 An. 194.
   The exceptions to the capacity of the executor, curator, etc., should be pleaded in *limine litis*, and they are considered waived by the general and special defences to the merits. See authorities in the body of the brief.

5. The question of the identity of the party suing in a representative capacity must be pleaded specially, in *limine litis*. Beyris vs. Spor, 22 An. 16.

6. A general denial admits the representative capacity of plaintiff. Silbernagle vs. Fluker, 21 An. 188.

7. Plaintiff's want of authority to institute suit must be specially urged by way of exception, or it will not prevail. Heirs of Mason vs. Layton, 38 An. 675.

8. And such exception comes too late after default. Parish vs. Chexnayder, 34 An. 850; Legendre vs. Seligman, 85 An. 113.

9. Any person interested in the revival of a judgment may petition for its revival. C. C. 3547 (Revised Statutes, Sec. 2813); Watts vs. Hendry, 23 An. 594; 32 An. 305; Marbury vs. Pace, 30 An. 1331.

---

*Carroll & Carroll* and *H. H. Bryan*, Curator *ad hoc*, for Defendants and Appellants:

One of several joint executors of a deceased person has no power to revive in his name alone, as executor, a judgment obtained by the deceased in his lifetime, and such revival is absolutely null.

The citation required by C. C., Article 3547, in a suit to renew a judgment, is of the same kind and character as that required by law in an original action, and, except in actions and judgments *in rem*, that part of C. C. Article 3547 which provides for substituted service on absent defendants, is null and of no effect being contrary to the Constitutions of this State and of the United States.

A revival of judgment in the name of one of several joint executors can not itself be revived in the name of all the executors. The variance is fatal.

A judgment of revival obtained contradictorily with a curator *ad hoc*, appointed to represent a non-resident judgment debtor, after the judgment debtor has been personally cited and served and against whom a default was entered, is a nullity.

After a default has been entered a judgment can be rendered only after the default has been regularly confirmed, upon motion made for that purpose.

An administrator or executor appointed in one State can not, by virtue of such appointment, maintain an action in another State, without first obtaining a grant of administration in the State in which he wishes to sue. Noonan vs. Bradley, 9 Wallace, 399.

---

The opinion of the court was delivered by

WATKINS, J. The object of this suit is to revive and continue the life of an antecedent judgment, in which Ottilie Bertron, widow of

Samuel R. Bertron, deceased, and Wm. Hughes and Clara Purnell, widow, appear as the co-executors of the last will of the deceased, as plaintiffs therein.

The judgment sought to be revived is alleged to be one that was rendered in the late Sixth District Court of the Parish of Orleans, and styled and entitled Samuel R. Bertron vs. Wm. R. Stuart and J. R. Powell, numbered 2605 on the docket thereof.

It is averred in the petition that said judgment was therein rendered in plaintiff's favor, and against the two defendants *in solido* for the capital sum of $7892.07, with 8 per cent. per annum interest thereon from the 7th of March, 1871—said judgment having been signed on the 22d of November, 1871, and that same, in principal and interest, remains unpaid.

It is further averred, that said suit was transferred to the docket of the Civil District Court for the Parish of Orleans, and was therein given the number 3810, and therein said original judgment was duly and legally revived, by a decree of revival, duly signed, on the 27th of March, 1882.

It is further averred that plaintiffs are desirous of again having said original judgment revived and its life prolonged; and, alleging that the two judgment debtors are citizens, at this time, of the State of Mississippi, they pray for due citation and the appointment of a curator *ad hoc* to represent said absentees, and for a decree of revival against them.

This suit was filed on the 3d of February, 1890, and, on the day following, the defendant, William R. Stuart, was *personally* cited and served in the city of New Orleans, and on the 5th of same month, an order was obtained appointing a curator *ad hoc* to represent both of the defendants. One citation was served on the curator *ad hoc* on the 6th of March, 1890, and another on the 17th of that month.

On the last named date a judgment by default was entered up against the defendant, Wm. R. Stuart.

On the 28th of same month the curator, *ad hoc*, representing both defendants, appeared and filed an answer, in which he plead a general denial, and the prescription of ten years, against the original judgment.

On the 16th of April, 1890, the court, *a quo*, rendered a judgment decreeing the revival of the judgment originally rendered on the 17th of November, 1871, and signed on the 22d of November, 1871; and

also, the judgment reviving same, rendered on the 14th of March, 1882, and signed on the 27th of March, 1882. This judgment was duly signed on the 22d of April, 1890.

Matters remained in *statu quo* until 16th of August, 1890, when the plaintiffs sued out a garnishment proceeding against the New Orleans National Bank, accompanied by a *fi. fa.*, whereunder they realized the sum of $485.12, as the property of William R. Stuart.

On the 20th of April, 1891—just within one year after the rendition of said final judgment—the curator *ad hoc* applied for and obtained an order of appeal therefrom, and filed a bond of appeal.

On the next day the defendant, Wm. R. Stuart—who had been personally cited and served, as stated, and against whom a judgment by default had been rendered—appeared, by counsel, and moved to set aside said default and file an answer, and he was permitted to do so.

The averments of the answer, of course, are impertinent to the issues that are presented in this appeal; and so are those of the reconventional demand which is therein incorporated.

In this court, same counsel for Stuart, joined by the curator *ad hoc*—who, in the court below, represented both of the defendants, and from the judgment rendered appealed for both of them—filed an assignment of errors, upon which *they jointly* demanded the reversal of the said judgment of revival, as to Stuart.

The errors assigned are the following, viz.:

1. Because, as to *Powell*, the plea of prescription should have been maintained.

2. Because, as to *Stuart*, the said judgment is null and void, same having been rendered contradictorily with a curator *ad hoc*, notwithstanding he had been, theretofore, *personally* served, and a tacit issue had been joined with him on a judgment by default.

3. Because the appointment of a curator *ad hoc*, service on Stuart through such curator *ad hoc*, a trial had contradictorily with such curator *ad hoc* subsequently to said *personal* service on Stuart, render same, and also the judgment of revival thereon based, absolutely null and void.

Thus, as to Powell, the case stands on the plea of ten years prescription, which is urged by the curator *ad hoc*; and in respect to Stuart, it stands on the assignment of errors enumerated above.

### I.

As the plea of prescription turns upon the efficacy of the former judgment of revival, which was rendered and signed on the 27th of March, 1882, it will be necessary to examine it first.

The record shows that the original judgment was signed on the 22d of November, 1871. The suit for its revival was filed on the 2d of July, 1881, and on the same date an order was granted, appointing a curator *ad hoc* to represent the two defendants, who were alleged to be, at that time, absentees, residing in the State of Mississippi; and service was regularly made upon the curator *ad hoc* on the 5th of same month and year. On the 14th of December, 1881, the curator *ad hoc* appeared and filed an answer, pleading the general issue. All of these proceedings appear regular and legal on their face.

The suit for revival was filed and the service regularly made on the 5th of July, 1881, within the period of ten years after the signing of the original judgment, on 22d of November, 1871, and thereby the prescription of the statute was interrupted, *quoad hoc.*

The present suit having been filed and service thereof made on the 4th of February, 1890, within ten years after the signing of the former judgment of revival, on the 27th of March, 1882, the life of the original judgment was preserved and prolonged for an additional period of ten years, from the 22d of April, 1890.

On the face of the papers the curator's plea of prescription was correctly overruled.

We quote, below, Art. 3547 C. C., providing for revival of judgments:

"All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgment. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law to the defendant or his representative, etc., and if such defendant be absent and not represented, the court may appoint a curator *ad hoc*, to represent him in the proceedings, upon which curator *ad hoc* the citation shall be served."

The suits for revival appear to have been brought in strict conformity with the provisions of that article, and thereby the prescription thereof was interrupted.

## II.

In the printed argument several different causes of nullity in the two judgments of revival are assigned, which are not embraced in the answer of the curator *ad hoc*, nor in the assignment of errors.

They are as follows, viz.: .

1. The absolute nullity of the former judgment of revival, which was signed on the 21st of March, 1882.

(a) The want of capacity of the plaintiff to institute and prosecute that suit, and stand in judgment.

The point made in argument under this head is, that Ottilie Bertron alone instituted and prosecuted that suit to final judgment, in her capacity of testamentary executrix of the last will of her deceased husband, the judgment creditor of the two defendants; that there were *two other* joint co-executors of that deceased person, and all three of them had been thus appointed under the will of the deceased, which was duly admitted to probate in the proper court of the State of Mississippi, where the testator resided at date of his death—hence, being *a foreign* executrix, she was without right or authority to appear in the courts of the State of Louisiana for any purpose, under the authority of Noonan vs. Bradley, 9 Wallace, 399.

Concerning the force and correctness of the views entertained by the Supreme Court in that case, and which were to the effect that "in the absence of any statute, * * * all the authorities deny any efficacy to the appointment outside the territorial jurisdiction of the State within which it was granted; and * * * if he desires to prosecute suit in another State, he must first obtain a grant of administration therein, in accordance with its laws," and yet we can not perceive how this doctrine is to avail the defendants at this time.

In the court which had jurisdiction in that case, *ratione materiæ et personæ*, no objection to the plaintiff's capacity was taken *then*, and objection can not be entertained *now*. Had such exception been formally tendered to the court on the hearing of the cause, the plaintiff could, in all likelihood, have exhibited her authority. From all that appears on the face of the record she was authorized, and there is nothing to induce us to doubt the judge's authority to render judgment on the averments of her petition.

(b) The fact that the defendants were not, in that case, *personally* served with citation, the court being without jurisdiction to try the

cause and render judgment thereon contradictorily with a curator *ad hoc*, alone. The point made on the argument is that, for the purposes of such suit and judgment, substituted service was not due process of law, and unavailing so far as defendants were concerned.

The judge, in appointing a curator *ad hoc* to represent the absentees in that case, acted on the express authority of Article 3547 of the Civil Code, above quoted, which declares that "if such defendant be absent and not represented, the court may appoint a curator *ad hoc* to represent him in the proceedings, upon which curator *ad hoc* the citation shall be served."

Reliance is placed on Pennoyer vs. Neff, 95 U. S., and Laughlin vs. Ice Company, 35 An. 1184.

In our opinion, this contention is erroneous. In Sproul vs. Hammitt, 31 An. 327, our predecessors held that it was exclusively within the power of the court rendering the judgment " *to enforce* and *to revive* it; " and they further held that " a proceeding to revive a judgment [is] not a new suit, but simply a proceeding in the same suit to continue and keep alive a judgment rendered therein, and to furnish proof that it has not been satisfied or extinguished." To the same effect is their opinion in Succession of Patrick, 30 An 1071, in which a suit to revive is denominated "the peculiar statutory action" provided for the continuation of judgments beyond the term of ten years. *Vide* Lalane vs. Payne, 42 An. 152.

We had occasion to recently examine the question here presented, and decided it adversely to the contention of the defendant's counsel. *Vide* Young vs. Upshur, 42 An. 362. In that case the controversy was in reference to the ownership of an undivided interest or share in a certain judgment rendered by this court, on appeal from the parish of Tensas in this State, the plaintiffs therein being citizens of the District of Columbia, and the case at the time being still pending and undecided in the Supreme Court on writ of error, and the suit in which the claim of an interest was made having been brought in the parish of Tensas, wherein the plaintiffs in the original suit were cited through a curator *ad hoc*.

To that suit the exception was made that such service as was made on the curator *ad hoc*, was not due process of law, and failed to confer on the court jurisdiction thereof; but, we held that the jurisdiction of the court was complete, and the judgment binding on the absentees, on the ground that the proceeding was not one *in*

*personam,* but one *quasi in rem,* "its object being to obtain judicial recognition and enforcement of a specific interest in tangible property in the parish of Tensas, in this State," etc.

. In several similar cases we have recently maintained the jurisdiction of district courts, as grounded on like service. Notably, in Duruty vs. Musachia, 42 An. 357; McKenzie vs. Bacon, 38 An. 765; and Robbins vs. Martin, 43 An. 488.

And one remark that was made, in our opinion, in the last cited case, that " if indeed a non-resident can not be brought into a court of this State, in such a case, such a cause of complaint as that propounded by the plaintiff, though well grounded in our law, would be practically remediless," is strictly applicable to the exception taken in the case at bar.

The grounds of nullity assigned are not well taken.

2. The nullity of the judgment of revival, from which the present appeal is prosecuted.

(a) Because of the variance between the party plaintiff in the former suit for revival, and the parties plaintiff in the instant suit, and the incapacity of the present plaintiffs to recover judgment.

Certainly, if Ottilie Bertron, executrix, was alone capacitated to institute suit, and stand in judgment in the former revival suit, the then joint co-executors are likewise capacitated to be joined in the instant one. The variance that is suggested is of no consequence whatever. It can not fatally affect the judgment. What was said of the want of capacity in a foreign executor to bring suits in the courts of this State, in the preceding part of this paragraph, as appertaining to the former revival suit, is strictly applicable to the instant case.

Neither objection is good.

(b) Because the judgment by default, that was entered up against the defendant, Stuart, was never subsequently confirmed.

That there was a judgment regularly rendered and signed, there is no doubt. That the defendant, Stuart, was *personally* cited, and that there was also appointed a curator *ad hoc* to represent him as an absentee, on whom service was made, can not be denied. It is true that the judgment does not formally state that, by reason of said default having been made final, it was rendered and signed.

.. But it is impossible for us to conceive the ground of defendant's complaint, on that account, or to appreciate his objection of absolute

nullity of the judgment.  For if the judgment by default was, in effect, made final, he is without cause of complaint.   And, if it was not made final, it was evidently abandoned, and judgment was rendered on the issue joined between the plaintiff and the curator ad hoc on his answer.   This, to our thinking, is the true state of the case.

In either event the judgment is, to all appearances, valid.

### III.

It is not correct to say that the instant suit is one to revive the former judgment of revival.  A suit to revive, as said in Hammitt vs. Sproul, is not a new suit, but a new proceeding in the original suit.   Its sole object is to legally and judicially interrupt prescription.   Once the revival suit is brought to a termination by a judgment, its object is accomplished, and a ten years' lease of life is given to the *original* judgment.   At the expiration of this lease, a new revival suit must be brought in order to interrupt prescription, and give to the original judgment *another* ten years' lease of life.

These two revival proceedings are separate and independent of each other, though having same object in view.   Hence it was matter of no consequence that the former suit was brought in the name of one executrix and the latter was brought in the name of three joint co-executors.  The Code says expressly " that *any party interested* in any judgment may have the same revived at any time before it is prescribed."   R. C. C. 3547.

Under the authority of this article this court held in Martinez vs. Succession of Vives, 32 An. 305, that an attorney at law entitled to only a contingent interest in a judgment for the payment of his fee, had sufficient interest in it to authorize him to bring suit for its revival, and to revive the whole judgment, and not merely a restricted and limited interest in it.

Our conclusion is that it was of no consequence to the defendant that one revival suit was brought by one executor and the other by three co-executors.

After a thorough study of this case and a full examination of all its details, we are satisfied that the original judgment has been legally and properly revived and kept alive; that the defences of prescription and nullity are not well grounded in law, and that the judgment appealed from is correct, and it is therefore affirmed.