(70 South. 420)

No. 20223.

ADAMS v. McCOY.

(Dec. 13, 1915.)

*(Syllabus by the Court.)*

COURTS ⊙╍224—JURISDICTION—AMOUNT INVOLVED—TRANSFER OF CAUSE.

The defendant, who has appealed from a judgment, enjoining the execution of a judgment held by him against the plaintiff for a sum not exceeding $2,000, decreeing that his judgment was extinguished by payment and that the property seized thereunder was exempt from seizure as a homestead, has no interest in contesting the homestead exemption, unless he can also obtain a reversal of the decree that his judgment was extinguished by payment; and, as the amount in dispute is below the jurisdiction of this court, the case must be transferred to the Court of Appeal for a decision of the question of payment of the judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. ⊙╍224.]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Action by J. W. Adams against J. M. McCoy. From judgment for plaintiff, defendant appeals. Ordered that case be transferred to Court of Appeal.

Breazeale & Breazeale, of Natchitoches, for appellant. Jas. W. Jones, Jr., of Natchitoches, for appellee.

O'NIELL, J. The defendant has appealed from a judgment perpetuating an injunction, restraining the execution of a judgment rendered against the present plaintiff in favor of a firm styled Atkins Bros. for $121.96 with 8 per cent. interest from the 12th of January, 1913, and 10 per cent. attorney's fees. The appellant, as transferee of the judgment in favor of Atkins Bros., obtained a writ of fieri facias, and had a tract of 80 acres of land seized as the property of the appellee, J. W. Adams. It appears in the record that the appellant also purchased a judgment rendered against the appellee in favor of a firm styled J. E. Rogers & Sons, for $166.16 with 8 per cent. interest from the 18th of March, 1908, and 10 per cent. attorney's fee; but the execution issued only on the Atkins Bros. judgment.

The appellee, Adams, prayed for and obtained the writ of injunction on the grounds alleged in his original and supplemental petition: First, that the land seized was his homestead, and was therefore exempt from seizure; and, second, that the judgment on which execution issued had been paid.

On Motion to Dismiss the Appeal.

The appellee has filed a motion to dismiss the appeal, on the grounds: First, that it was made returnable on the 20th of September, 1913, and the transcript was not filed until the 20th of October, 1913; and, second, that the attorneys representing the appellant had no authority to sign the appeal bond for him. There is no merit in the motion. The delay allowed for filing the transcript was extended to the 20th of October, 1913. The appellant was not required to sign the appeal bond, nor did his attorneys need any special authority to sign it for him. If these causes for demanding a dismissal of the appeal had ever had any merit, the motion could not prevail because it was not filed within the three days after the transcript was filed, and because the appellee thereafter

filed an answer to the appeal, praying for an amendment of the judgment.

We are compelled, however, on our own motion, to transfer this case to the Court of Appeal for a decision of the question of payment of the judgment which the appellant is attempting to execute.

In the judgment appealed from, in addition to the decree recognizing the homestead exemption and therefore perpetuating the injunction, it was further decreed that the judgment on which execution issued had been extinguished by payment, and it was ordered canceled from the mortgage records. We have no jurisdiction to reverse the decree pronouncing the judgment extinguished by payment, because the amount in contest does not exceed—is in fact much less than—$2,000. And, if the decree, pronouncing the judgment extinguished by payment, be not reversed, the appellant has no interest in complaining of the decree recognizing the appellee's homestead exemption.

It is ordered that this case be transferred to the Court of Appeal, Second Circuit, Parish of Natchitoches, for a decision of the question of payment of the judgment on which execution issued; the cost of the present appeal to be borne by the appellant.