O’NIELL, J.
The plaintiff obtained a writ of injunction against the sheriff and the defendant, McCoy, preventing the sale of 80 acres of land seized under a writ of fi. fa! on a judgment which had been rendered against Adams and bought by McCoy. The grounds on which the injunction issued were: First, that the land seized was exempt from seizure and sale, being the homestead of the plaintiff, McCoy; and, second, that the judgment on which the writ of fieri facias issued had been paid and extinguished. In the judgment appealed from, the district court recognized the homestead exemption, but also decreed that the judgment attempted to be executed had been extinguished by payment, and ordered it canceled from the mortgage records. Having no jurisdiction to review the decree pronouncing the judgment extinguished by payment, the amount of the judgment being less than $2,000, we ordered the case transferred to the Court of Appeal for a decision on the question of payment of the judgment on which execution had issued. Our view was that the defendant, McCoy, had nothing to gain by a reversal of the judgment declaring the property exempt from seizure and sale as a homestead, unless he obtained a reversal of the decree, declaring the judgment extinguished by payment. See Adams v. McCoy, 138 La. 421, 70 South. 420. The Court of Appeal has reversed the decree of the district court on the question of payment, and decreed that the judgment on which the writ of fieri facias issued,was not paid. On motion of the defendant in the injunction suit, McCoy, the case was reinstated on the docket of this court, and has been argued and submitted on the question of the defendant’s right to the homestead exemption.
The plaintiff, Adams, married a widow, Mrs. Martin, in 1889, who then had two children. Of the marriage of Mr. Adams and Mrs. Martin, five children were born, some of whom were yet minors when the writ of injunction issued in this case. The 80 acres of land in question was bought or entered as a homestead by Adams in 1892, and became the property of the community existing between him and his wife. She died in 1902. The debt for which the judgment owned by McCoy was rendered was contracted after the death of Mrs. Adams. The plaintiff, Adams, and his wife established their residence on the land in question, and lived there with their children until her death, since which time the surviving spouse and his children have resided there continuously. The record does not disclose whether the two sons of Mrs. Adams, issue of her marriage to Martin, resided - on the land in question.
It appears from the evidence, and is conceded by the defendant, that the children of the plaintiff, Adams, were dependent upon him for support, and that, if he were the sole owner of the property' in question, he would be entitled to the homestead exemption.
The defendant contends that the plaintiff is not entitled to the homestead exemption, because he is not the sole and exclusive owner of the property, the children of Mrs. Adams having inherited her half interest, as partner in community.
In support of the proposition that the homestead exemption, under article 244 of the Constitution, cannot be recognized with *29 respect to property held, in indivisión, the defendant’s learned counsel refer us to the decisions in Henderson v. Hoy, 26 La. Ann. 156; Borron v. Sollibellos, 28 La. Ann. 355; Simon v. Walker, 28 La. Ann. 608; Greig v. Eastin, 30 La. Ann. 1130; Cole v. La Chambre et al., 31 La. Ann. 41; Brannin v. Womble, 32 La. Ann. 805; Gilmer v. O’Neal, Sheriff, et al., 32 La. Ann. 979; Soulier v. Benker, Sheriff, et al., 37 La. Ann. 162; Bank of Jeanerette v. Stansbury, 110 La. 301, 34 South. 452.
All of the decisions referred to were rendered under the provisions of the Constitution of 18GS, except in the case of Soulier v. Benker, Sheriff, and in the case of Bank of Jeanerette v. Stansbury. Before the adoption of the Constitution of 1879, it was held, in some of the decisions referred to, that a surviving partner in community could not claim the benefit of the homestead exemption on the community property in which he owned an undivided half interest. There was then no expression in the Constitution extending the benefit of the homestead exemption to the surviving spouse. In the Constitution of 1879, however, it was expressly provided that the benefit of the homestead exemption might be claimed by the surviving husband or wife or minor children of the deceased beneficiary; and the same provision was retained in the Constitution of 1908 and in that of 1913.
The decision in Soulier v. Benker, Sheriff, has no application to the question at issue. Soulier and one Wolf mortgaged a tract of land in which each owned an undivided half interest. Thereafter Soulier bought Wolf’s interest in the land, and, when the mortgagee attempted to foreclose his mortgage, claimed a homestead exemption. It was held that, as Soulier could not successfully claim the homestead exemption on the undivided half interest which he owned at the time he gave the mortgage, under the doctrine announced in Henderson v. Hoy, 26 La. Ann. 156, he could not thereafter acquire the homestead exemption to the prejudice of the mortgagee, by purchasing the other half interest in the land.
The decision in the case of the Bank of Jeanerette v. Stansbury, 110 La. 301, 34 South. 452, is also inapplicable to the question at issue. In that case, the homestead exemption was claimed under the provisions of the Constitution of 1879, which required that the party claiming the benefit of the homestead exemption should record a declaration, under oath, describing the property and setting it apart as a homestead. That requirement of the Constitution was not complied with by Stansbury during the lifetime of his wife, when the property belonged to the community of acqugts and gains. He mortgaged the property after his wife’s death, when he owned only an undivided half interest in it. If the property had been exempt from seizure during the lifetime of Mrs. Stansbury, who died in 1892, the benefit of the exemption might have been claimed by the surviving husband, under the express provision of the Constitution of 1879. But the homestead exemption did not exist during the lifetime of Mrs. Stansbury, because the declaration then required by the Constitution was not recorded. Hence it was held that the undivided half interest of the surviving husband could not become affected by the homestead exemption under the Constitution of 1898, to the prejudice of the mortgagee. The distinction which the learned counsel for the appellant fails to observe between that ease and the case now under consideration is that the property in question in the present case was affected by the homestead exemption under the Constitution of 1898, which did not require the registry of a declaration setting apart the property as a homestead, at the time of the death of Mrs. Adams; and, under the precise language of the last paragraph of article 244 of the Con *31 stitution, the benefit of the exemption may be claimed by the surviving spouse of the deceased beneficiary. The case comes exactly within the doctrine announed in Maxwell v. Roach et al. (particularly on application for rehearing), 106 La. 123, 30 South. 251, where it was said that the fact that the surviving spouse owned only an undivided half of the property claimed to be exempt as a homestead did not destroy the exemption; that, although ordinarily a party owning an undivided interest in land could not claim the homestead exemption, the benefit of the homestead might be claimed by the surviving spouse of a deceased beneficiary, by special direction of the Constitution. See, also, Lyons v. Andry, 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299.
The plaintiff, appellee, in answer to the appeal, prays that the judgment appealed from be amended by allowing his demand for damages for the wrongful seizure of his property. But we have concluded that the judgment, in so far as it rejects the plaintiff’s demand for damages, under the facts and circumstances of this case, is correct.
The judgment appealed from is affirmed in so far as it recognizes the plaintiff’s homestead exemption and perpetuates the writ of injunction, at the cost of the defendant, McCoy, in both courts.