BAKER, J.
This is an attachment proceeding by the plaintiff, a mercantile corporation doing business in the parish of Acadia against the defendant, a rice farmer of the same parish. The plaintiff’s proceeding is based on the lien and privilege accorded it by article 3217 of the Civil Code, for supplies furnished to the defendant during the year 1920, while he was engaged in making his' crop. The petition states that the defendant is about to alienate the property, in order to place it beyond the reach of plaintiff, and it prays for a writ Of attachment to issue against the property, in order to secure the debt.
The district court ordered that the attachment issue, although the defendant filed a motion to dissolve it, which was not sustained. Thereafter the defendant, answering, set up the defense that 'thé property attached and seized was exempted from such a proceeding under the homestead laws, existing under the Constitution of 1913, and that therefore the seizure and attachment were unlawful. The answer prayed that the defendant’s right of homestead be maintained, and that plaintiff’s demand be rejected.
After trial there was judgment recognizing- the attachment and seizure as valid on all of defendant’s property except the real estate actually occupied by the latter, and also exempting two work horses and 20 sacks of rice, on the ground that the homestead laws protected it from seizure; and plaintiff has appealed.
It appears that the only question involved in this case on appeal is whether the defendant, Guillory, has combined in himself the essentials necessary to secure a homestead exemption of his property. In St. Mary Bank v. Daigle, 128 La. 758, 55 South 345, the court enumerates the following qualifications as necessary for a debtor to maintain a plea of exemption for homestead: (1) He must be the bona fide owner of the land; (2) he must occupy the premises as a residence; (3) he must have a family, or persons, or person, dependent upon him for support ; (4) the property must not exceed in value $2,000. We will now proceed to discuss the defendant’s qualifications.
The evidence establishes, and the plaintiff admits, that defendant is the bona fide owner of the land, and that the property is not worth over $2,000. But the plaintiff contends that defendant does not occupy all of the premises as a residence. Tlie facts establish that defendant claims as his homestead a tract of land in the village of Iota, composed of lots 1, 2, 3, 4, and 5. There is a fence around the five lots, and between lots 1 and 5 is a garden, the fences of which run from the front line to the back line of the lots. Nothing shows that the son pays rent; that he is not on lot 5 only by sufferance.
*861 [1] The contention of plaintiff is that the part of the tract on the son’s side of the garden fence is a separate tract of land, and hence cannot be occupied by defendant as a residence, and as forming a part of his homestead. We think differently. Defendant holds the entire tract as one tract under one fence; the existence of the separating garden is insignificant.
The ease of Clausen v. Sanders, Sheriff, 109 La. 996, 34 South. 53, cited by counsel for plaintiff to support his contention that property separated by a fence cannot be exempted under the homestead claim, .is easily distinguishable from the case at bar, in that in the cited case the party claiming the homestead had not only completely separated that part of the property, but was also deriving a revenue from it.
[2] Coming now to the third qualification, defendant has four minor children living with him and dependent upon him for support. The mother of these children lives with him, without being married to him. Whether he or she could have contracted marriage at the time said children were conceived, and the consequent question of whether the children are merely illegitimate or also adulterous, is left in doubt by the testimony, the whole of which is as follows:
“Q. Are you married, Guillory?
“A. No, sir.
“Q. AVere you ever married?
“A. Xes, sir; a long time ago.”
Counsel say that Guillory meant by this that he was not married to the woman he was living with, but that at one time long ago he was married.
This testimony was given on cross-examination. If the crossexaminer understood the positive statement of Guillory that he was not married to mean only that he was not married to the woman he was living with, but that his wife was still living, the obvious thing to have done would have been to clarify the testimony by another question. It was not for defendant to show that his concubinage was not adulterous, but for plaintiff to show that it was.
But even if it was adulterous, and the children are adulterous, still the homestead claim is made out. For by article 920 of the Code the father owes alimony to his adulterous children, and by article 230 alimony is declared to be “what is necessary for nourishment, lodging or support of the person who claims it. It includes the education, when the person to whom the alimony is due is a minor.”
AVere Guillory to turn these children out of doors they would have the legal right to sue him for lodging, nourishment, support, and education; the requirement of the dependency having to be correlative of a legal obligation to support is therefore established in this case.
The cases cited by counsel to support the contention that defendant is under no obligation to support his children are not in point, as here there is an enforceable obligation against defendant by his minor children for alimony.
AVe conclude that the defendant herein has combined in himself the four qualifications necessary for him to establish in order to bring his property within the homestead exemption; and that the judgment of the district court recognizing this right is correct.
Judgment aifirmed.