### In re BENNETT.

District Court, W. D. Louisiana, Shreveport Division. April 22, 1929.

### No. 3637.

Harry V. Booth, of Shreveport, La., for bankrupt.

C. B. Protho, of Shreveport, La., for opponent.

DAWKINS, District Judge. This matter comes before the court upon a petition to review the decision of the referee on the opposition of a judgment creditor to the homestead exemption claimed by the bankrupt.

The facts are that the property upon which the homestead is claimed was acquired during the matrimonial community existing between the bankrupt and his deceased wife. Two children were born of an illicit relation before the marriage, who were never legitimatized or formally acknowledged according to the laws of Louisiana. At the time of the marriage the wife had a legitimate child by a former husband, who still survives.

The contention of opponent is that because two minor children, 15 and 17 years old, respectively, and who admittedly live with and are dependent upon the claimant for support, are without right to inherit from their deceased mother, her undivided interest falls in its entirety to the child of her former marriage, and for this reason, coupled with the further fact that under the jurisprudence of Louisiana a homestead entry is not accorded to one owning an undivided interest in property, the claim of the bankrupt must be denied. It is further argued that the right of the surviving spouse to the homestead under the Constitution is based upon the fact that he or she has a life usufruct upon the half interest of the deceased which cannot be disturbed except upon remarriage, while the heir of the wife in cases like the present may force a partition at will. It is also urged that because these illegitimate children cannot inherit from their father, they are not persons of the class contemplated by the Constitution as dependents, for whose benefit the right may be asserted.

Article 11, § 1, of the state Constitution, provides:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, * * * of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support. * * *" (Naming specific classes of property.)

"The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

The Supreme Court of Louisiana, in the case of Adams v. McCoy, 140 La. 26, 72 So. 797, had occasion to consider the rights of a surviving spouse under similar conditions, and there pointed out that since the Constitution of 1879, the organic law has accorded such right, notwithstanding his or her ownership in the fee, because of the community laws of the state, extends to an undivided half only; although the settled jurisprudence otherwise is that a homestead cannot be sustained to less than the whole property. It so happens that in that particular case the deceased wife also had a child by a former marriage, which might have affected the life usufruct, but the Supreme Court held, in effect, that this made no difference. Hence, upon the first point, I feel that I should follow the construction of the Constitution laid down by the court of last resort of the state, especially since it accords with my own views. To my mind it can make no difference to the opposing creditor that the stepchild of the claimant in this case might force a sale of the property by partition, for that is a matter with which the opponent has no concern. It will be time enough to deal with that question when and if the partition is sought, for the opponent's judgment appears to be more than four months old, and if seasonably recorded became a lien against the property, which is not discharged by bankruptcy.

The Constitution does not limit the right to a homestead to those having legitimate children dependent upon them for support, but grants it in all cases where the dependent has any legal basis to demand such support. The evidence in this case shows that the two minors in question were natural children of both parents, who might have been acknowledged and even legitimated with the right to inherit, but of course without prejudice to the heir of the mother. This their parents failed to do, although the father may yet give that privilege, and it follows that they have the status of natural children as distinguished from bastards, adulterous or incestuous offsprings. See article 919, Loui-

siana Revised Civil Code. Even those children falling within the latter classes are entitled to alimony. Ib. art. 920. Article 230 of the same Code declares:

"By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.

"It includes the education, when the person to whom the alimony is due is a minor."

From this it seems clear that the bankrupt in this case has dependent upon him for support children or persons within the class contemplated by the Constitution to whom he owes that duty by operation of law. It was so held by the Supreme Court of this state in the case of Farmers' Mercantile Co., Ltd., v. Guillory, 149 La. 858, 90 So. 222.

For the reasons assigned the ruling of the referee will be affirmed. Proper decree may be presented. All rights of the petitioner are reserved.