No. 3713

Second Circuit

McDANIEL v. SMITH ET AL.

(March 24, 1930. Opinion and Decree.)

Herndon & Herndon, of Shreveport, attorneys for plaintiff, appellant.

A. M. Wallace, of Benton, attorney for defendants, appellees.

WEBB, J. G. W. Smith obtained judgment against Richard McDaniel on February 1, 1909, for $437.10, with legal interest from judicial demand, which judgment was revived on a decree signed May 5, 1919.

On January 19, 1929, Smith had a writ of fieri facias issued on the judgment, and on the same date the sheriff, acting under the writ, seized certain described land, said to contain one hundred ninety acres, as the property of McDaniel, and on April 1, 1929, Smith had another writ of fieri facias issued on the judgment, and on the same date the sheriff, acting under the writ, seized a one-fifth interest in certain described land, said to contain eight hundred eighty acres.

The property seized on April 1, 1929, was advertised for sale, and, on May 24, 1929, McDaniel brought the present action against Smith and the sheriff to prevent the sale.

Plaintiff alleged that the judgment had been novated on February 19, 1923, at which time, he alleged, he had given Smith a note for $1,953.25, secured by mortgage on the property above referred to as having been seized on January 19, 1929, and that the amount of the note included the amount of the judgment.

Plaintiff further alleged that he acquired the property seized on April 1, 1929, by inheritance, and that he and his co-heirs had partitioned the land described; that in the partition proceedings the property above referred to as having been seized on January 19, 1929, had been drawn by him; that he was residing on the property, which was worth less than $2,000 and that the same was his homestead and exempt from seizure and sale, etc.; that, in order to protect his rights, it was necessary that a writ of injunction issue restraining and prohibiting Smith and the sheriff from selling the property, and he prayed that a rule issue ordering the defendants to show cause, etc., and on final trial for judgment decreeing the judgment under which the property was seized to have been extinguished by novation, and ordering the property released from seizure, and, in the alternative, for judgment decreeing the property seized to be his homestead and exempt from seizure, and enjoining defendants from selling same.

The rule to show cause was issued, and on the return day a temporary injunction was issued and the case fixed for trial on the merits.

The defendants, in answer, admitted the seizure of the property, and otherwise denied plaintiff's allegations, and evidence was introduced and the cause submitted, but was reopened on motion of plaintiff, who pleaded that the judgment had prescribed.

The cause being again submitted, judgment was rendered rejecting plaintiff's demands and dissolving the injunction, and plaintiff moved for, and was granted, an appeal to this court.

This court has no jurisdiction, in so far as the demand for recognition of any right of homestead in the property seized is concerned, but the homestead claim was made in the alternative, and, as it will not be necessary to consider that question,

in event the judgment is held to have been extinguished by novation or prescription, we conceive that it is our duty to pass upon those questions. Adams vs. McCoy, 138 La. 421, 70 So. 420; Green vs. Kettler, 144 La. 374, 80 So. 594.

As to the plea that the judgment was novated, it is conceded that novation is not presumed, and that, where it is claimed a judgment has been novated by a note, the proof should be conclusive, and without reviewing the evidence as to novation, we deem it only necessary to say that the proof fell far short of establishing even that the amount due on the judgment was included in the amount of the note.

· Relative to the plea of prescription, we gather from the brief and argument of counsel for defendant and appellee that it is contended the period of prescription was interrupted or suspended by the seizure of the property, and that the interruption or suspension continued during the pendency of the injunction proceedings.

There were, however, as stated, two seizures, one of date January 19, 1929, and the other of date April 1, 1929, and, as the seizure of date January 19, 1929, is not mentioned, and as it is argued that the period of prescription did not begin to run until May 5, 1919, the date on which the decree of revival was signed, we assume the seizure of date April 1, 1929, is relied upon as having interrupted or suspended prescription.

As previously stated, the original judgment was signed on February 1, 1909, and, if the revival of the judgment extended it only from February 1, 1919, the judgment had expired on the date of the seizure on April 1, 1929, and the first question presented is whether the period of prescription began to run on the date the decree of revival was signed or on February 1, 1919.

Article 3547 of the Civil Code provides that all judgments for money shall be prescribed by the lapse of ten years, and it has been held that the action to revive the judgment is not a new suit, that the effect of the revival is only to continue the judgment in full force, and that the judgment revived is the same as the original judgment (Scherrer vs. Caneza, 33 La. Ann. 314; Hayden vs. Slaughter, 43 La. Ann. 385, 8 So. 919), and we are of the opinion that the judgment of revival related back to the date the original judgment would have expired, or February 1, 1919, that prescription began to run on that date, and that the judgment had prescribed at the date of the seizure on April 1, 1929.

However, if the period of prescription did not begin to run until the date the decree of revival was signed, and the seizure of date April 1, 1929, was prior to the expiration of the judgment, or if the seizure of January 19, 1929, should be considered, we are of the opinion that neither interrupted or suspended the period of prescription.

Article 3547 of the Civil Code provides that a judgment may be revived at any time before it is prescribed by having a citation issued according to law, and it was said in Bailey vs. Louisiana & Northwest Railroad Co., 159 La. 576, 105 So. 626, that the method provided was intended to be the only method of preventing the prescription of a judgment, or, as we understand, the only method by which the period of prescription may be interrupted is by citation as the statute directs.

The judgment appealed from is therefore avoided and reversed, and it is now ordered that the plea of prescription be sustained, and that plaintiff have and recover judgment against the defendants decreeing the judgment of date February 1, 1909, as revived on May 5, 1919, prescribed, and or-

dering the property seized thereunder released; defendants to pay all costs of suit.

DREW, J., recused.