## MITCHELL v. BRODNAX.

### No. 5126.

Court of Appeal of Louisiana. Second Circuit.

Dec. 13, 1935.

Shotwell & Brown, of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, for appellee.

DREW, Judge.

This is a suit to annul a judgment reviving a judgment obtained by J. Bardy Mitchell against Max Brodnax. The original judgment was obtained on February 6, 1914.

On January 29, 1924, Mitchell filed a suit to revive it. Brodnax was not cited until September 8, 1927, more than thirteen years after the original judgment was obtained. He did not answer the petition and on September 23, 1927, a judgment was rendered purporting to revive the judgment of date February 6, 1914.

The plaintiff herein contends that the judgment of revival is null and void and of no legal effect, for the reason it was revived and no citation issued to him within the ten-year period, and that no acknowledgment of the debt has ever been made.

Defendant contends that since the plaintiff did not make any appearance in the suit to revive filed against him, and no appeal having been taken, said judgment became final, and is a legal judgment. He further pleaded estoppel based upon the above facts.

The lower court rendered judgment for plaintiff and annulled the judgment of revival, from which judgment defendant has perfected this appeal.

The revival judgment—if a valid judgment—relates back to the expiration of the original judgment (McDaniel v. Smith, 13 La. App. 61, 127 So. 108), which was February 6, 1924, and the additional time before the expiration of the judgment, if the revival judgment is valid, would be ten years, and the original judgment would have and did prescribe on February 6, 1934. There is no intimation or suggestion that there has been any attempt to revive the judgment the second time. It therefore follows that, regardless of what we might hold as to the judgment of revival, rendered September 23, 1927, it could not keep the judgment alive for a later date than February 6, 1934, at which time prescription had run against it, under article 3547 of the Revised Civil Code.

The entire question as to the validity of the revival judgment is therefore at this time a moot question, and for that reason the appeal is dismissed at the cost of appellant.