## INTERSTATE ELECTRIC CO., Inc., v. SMITH.

### No. 5539.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1938.

Irion & Switzer, of Shreveport, and Bernstein, Clark & Thompson, of Monroe, for appellant.

Geo. Wesley Smith and Thompson L. Clarke, both of Monroe, for appellee.

DREW, Judge.

On April 13, 1916, the Interstate Electric Company, Inc., obtained a judgment against George Wesley Smith in the sum of $765.17, with 8 per cent. per annum interest thereon from January 5, 1915, until paid, with an additional 10 per cent. upon both principal and interest as attorney's fees; in the further sum of $526.01, with 8 per cent. per annum interest thereon from January 5, 1915, until paid, and 10 per cent. upon both principal and interest as attorney's fees; and in the further sum of $100, with 8 per cent. per annum interest thereon from February 4, 1916, until paid, and 10 per cent. upon both principal and interest as attorney's fees, less a credit of $700 paid on March 22, 1916. The judgment also recognized plaintiff's right of pledge on five shares of bank stock of the Rayville State Bank, and further awarded judgment for all costs of suit.

The judgment was rendered by the Seventh judicial district court of Louisiana for the parish of Richland. Thereafter, and within 10 years, the Interstate Electric Company, Inc., brought suit in the district court of Richland parish, La., which had been changed to the Fifth judicial district court of Louisiana, to revive the above judgment. Judgment in this suit was rendered and signed in favor of plaintiff reviving the judgment. This last judgment was signed on April 27, 1926.

On April 25, 1936, the Interstate Electric Company, Inc., filed the present suit to again revive the judgment. The defendant, George Wesley Smith, interposed a plea of prescription of 10 years. The lower court sustained the plea and dismissed plaintiff's demands. From that judgment plaintiff prosecutes this appeal.

The only question before us for determination is the plea of prescription. The correct answer to the following question is determinative of the plea: Did the revival judgment rendered April 27, 1926, prescribe 20 years from the date of the rendition of the original judgment, which was April 13, 1916, or did it prescribe 10 years from the date on which it was rendered? If it prescribed 20 years from the date of rendition of the original judgment, it would have prescribed on April 13, 1936, which was 12 days before the present suit was filed. If it prescribed 10 years after the date it was rendered, it would not have prescribed until April 27, 1936, which was 2 days after the present suit was filed.

The case is governed by article 3547 of the Revised Civil Code, which provides as follows:

"All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived, and if such defendant be absent and not represented, the court may appoint a curator ad hoc to represent him in the proceedings, upon which curator ad hoc the citation shall be served.

"Any judgment revived as above provided, shall continue in full force for ten years from the date of the order of court reviving the same, and any judgment may be revived as often as the party or parties interested may desire."

There is no ambiguity to be found in the language or meaning of the last paragraph of the above-quoted article. It clearly states that a revived judgment shall continue in full force from the date of the order of court reviving the same. The only order of court to be issued in such a case is the judgment reviving the former judgment after a trial of the case for that purpose.

The Supreme Court of this state in the case of Succession of Patrick, 30 La.Ann. 1071, held that a revived judgment remained in full force and effect from the date of the judgment reviving it.

We find the case of Bertron v. Stuart, 43 La.Ann. 1171, 1177, 10 So. 295, 296, holds the same. In that case the original judgment was rendered on November 22, 1871. On March 27, 1882, the judgment reviving the original one was rendered, and on February 4, 1890, a second suit was filed to revive the judgment, and judgment was rendered therein on April 22, 1890, again reviving same. In passing on the right of plaintiff to revive the judgment, the court said:

"The present suit having been filed and service thereof made on the 4th of February, 1890,—within ten years after the signing of the former judgment of revival on the 27th of March, 1882,—the life of the original judgment was preserved and prolonged for an additional period of ten years from the 22d of April, 1890."

The last date mentioned in the quotation was that of the signing of the judgment of revival in the suit then before the court.

The clear provisions of article 3547 of the Revised Civil Code and the two above cited decisions supporting it bring us to the conclusion that the judgment in the suit at bar did not prescribe until 10 years after the date of the signing of the original judgment on April 22, 1926, and therefore prescription had not accrued at the time of the filing of this suit.

Defendant relies upon two decisions of this court to sustain his position that the judgment prescribed 20 years after the date of rendition of the original judgment. The two cases are McDaniel v. Smith, 13 La. App. 61, 127 So. 108, and Mitchell v. Brodnax, La.App., 164 So. 426, 427. In each of these cases we held that the revival judgment relates back to the expiration of the original judgment and that the 10 years to be counted in a second revival judgment should begin at a date 10 years after the rendition date of the original judgment. In the McDaniel Case, it is clear from a reading of the opinion that the second paragraph of article 3547 of the Revised Civil Code was not considered. In the Mitchell v. Brodnax Case, we erroneously relied upon the McDaniel Case. In neither case was a decision of this question necessary to a determination of the case. However, the rule was laid down there succinctly and, in order to clear the record, we deem it advisable to overrule both decisions, in so far as they hold that a revival judgment relates back to the expiration of the original judgment for the purpose of fixing a date for the 10-year prescription to begin to accrue.

We therefore find that the judgment of the lower court is erroneous, and it is now reversed and the case remanded to the lower court to be tried on its merits; costs of appeal to be paid by appellee and all other costs to await a final determination of the case.